1  Jeffrey L. Hartman, Esq. #1607
   **HARTMAN & HARTMAN**
2  510 West Plumb Lane, Suite B            **E-Filed 4/30/15**
   Reno, Nevada 89509
3  Telephone: (775) 324-2800
   Telecopier: (775) 324-1818
4  notices@bankruptcyreno.com

5  Attorney for Debtor in Possession

6  **UNITED STATES BANKRUPTCY COURT**

7  **DISTRICT OF NEVADA**

8  IN RE:                                   CASE NO.   14-51643-BTB

9  JOHN DAVIS TRUCKING COMPANY,             CHAPTER    11
   INC.,
10
       Debtor in Possession.                **MOTION FOR ORDER AUTHORIZING**
11                                          **SECOND SALE OF PERSONAL**
                                            **PROPERTY AND EMPLOYING**
12                                          **RITCHIE BROS. AUCTIONEERS;**
                                            **PAYMENT OF COMMISSION**
13

14                                          **Hearing Date:  May 29, 2015**
                                            **Hearing Time: 10:00 a.m.**
15  _____/

16      John Davis Trucking Company, Inc. ("JDT") requests an order authorizing a second

17  sale of personal property utilizing the services of Ritchie Bros. Auctioneers for an auction to

18  be conducted on June 12, 2015 in Reno, Nevada.  The personal property equipment to be

19  sold consists of a total of 7 various tractors and trailers ("Equipment").  JDT also requests

20  authority to employ Ritchie Bros. Auctioneers to auction the Equipment and to be paid a

21  commission of 9.5%.  This employment arrangement is the same as that authorized by the

22  Court in its previous Order Authorizing Sale Of Personal Property And Employing Ritchie

23  Bros. Auctioneers; Payment Of Commission, **DE 87**, entered March 13, 2015.  This Motion

24  is in accordance with 11 U.S.C. §§ 327(a) and 363(a) and (b), F.R.Bankr.P. 2002, 6004 and

25  9014 and is supported by the separately filed Declaration of Shane Davis and the previously

26  filed Declaration of Brian Barger, **DE 78**.  JDT requests the Court take judicial notice of the

27  papers on file in this case.

28  ///

**JURISDICTION**

1. This Court has jurisdiction over this matter by reason of 28 U.S.C. §§ 157(b) and 1334(a). This is core matter by reason of 28 U.S.C. § 157(b)(2)(M).

**FACTS**

2. JDT filed its voluntary chapter 11 petition on September 29, 2014 ("Petition Date").

3. JDT operates a trucking and transportation services business based in Battle Mountain, Nevada. At the Petition Date, JDT employed more than 40 people in the Battle Mountain area, including drivers, mechanics and equipment service personnel, and office staff. JDT owns approximately 40 truck/tractor units and 70 trailers. JDT's primary customer is MI Swaco for which JDT hauls barite, a mineral used in the well drilling industry. JDT also provides hauling services for NV Energy and delivers aggregate for a number of customers.

4. This is the second sale of equipment contemplated by JDT. The first was held in Lake Point, Utah on March 17, 2015, with a successful result to the estate.

5. JDT has identified 7 pieces of Equipment it wishes to liquidate. The Equipment is owned outright and not subject to any security interest. JDT has determined that this Equipment is not necessary for its continued operations and will not impair its ability to continue with its obligations to its primary customer, MI Swaco, or any other customers. Copies of the titles to the 7 pieces of certificated Equipment are attached to the Shane Davis Declaration as **Exhibit A**. The proposed contract with Ritchie Bros. will contain the same terms and conditions as the contract for the first sale, conducted on March 17, 2015 in Lake Point, Utah.

6. JDT desires to utilize the auction services of Ritchie Bros. Auctioneers ("Ritchie Bros."), for liquidation of this Equipment. Ritchie Bros. is one of the largest, if not the largest, equipment auctioneer in the United States. See, www.rbauction.com. JDT desires to utilize the services of Ritchie Bros. because of its expertise in readying equipment for sale to achieve the best prices under the market conditions.

1      7. JDT will transport the Equipment to Reno, Nevada for the auction to be held on
2  June 12, 2015. Ritchie Bros. has agreed to conduct the auction of the Equipment for a
3  commission of 9.5% which is less than its standard 15%.
4      8. JDT believes it would be difficult to sell the Equipment where it is currently
5  located, i.e., Battle Mountain, Nevada. JDT believes that an auction conducted by Ritchie
6  Bros. at a location where prospective purchasers can inspect hundreds or even thousands of
7  items of construction related equipment will yield the best possible sale price under the
8  current market conditions.

## DISCUSSION

Sales of property other than in the ordinary course of business of a debtor are to be approved only after notice and a hearing. § 363(a) and (b). A debtor is entitled to utilize its business judgment in determining the merits of a sale such as the one contemplated in this Motion. The rule is as stated in <u>Southwestern Media, Inc. v. Rau</u>, 708 F.2d 419 (9th Cir. 1983):

> The decision concerning the form of sale therefore rested within the business judgment of the trustee. Liability will not be imposed for the exercise of such judgment, absent negligence. See <u>Mosser v. Darrow</u>, 341 U.S. 267, 272-73, 95 L. Ed. 927, 71 S. Ct. 680 (1951); <u>In re Cochise College Park, Inc</u>., 703 F.2d 1339, 1357 (9th Cir. 1983).

708 F.2d at 425. With certain exceptions not applicable here, § 1107(a) gives a debtor in possession all of the rights and powers of a trustee. Thus, the principals of JDT are entitled to exercise their business judgment in determining how best to liquidate the Equipment to obtain a market sale price.

JDT also requests authority to employ Ritchie Bros. in accordance with § 327(a) and F.R.Bankr.P. 2014. Ritchie Bros. is a well known construction equipment auctioneer and is well qualified to market and sell this Equipment. JDT believes that a sale commission of 9.5% is reasonable and somewhat below a standard sale commission for this type of Equipment. JDT also believes that Ritchie Bros. does not hold an interest adverse to the JDT chapter 11 estate and is disinterested as that term is defined in § 101(14).

///

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

1  Finally, JDT requests that the Order granting this Motion provide for a waiver of the 14 day stay as permitted by F.R.Bankr.P. 6004(h).

**CONCLUSION**

Based upon the foregoing, JDT requests an order authorizing the employment of Ritchie Bros. Auctioneers to sell the Equipment at auction for a commission of 9.5%. JDT also requests an order authorizing the sale of the Equipment by auction as stated herein. Finally, JDT requests a waiver of the 14 day stay under F.R.Bankr.P. 6004(h).

DATED: April 30, 2015.

**HARTMAN & HARTMAN**

/S/ Jeffrey L. Hartman
Jeffrey L. Hartman, Esq.
Attorney for John Davis Trucking Company, Inc.