1  STEPHEN R. HARRIS, ESQ.
2  Nevada Bar No. 001463
   HARRIS LAW PRACTICE LLC
3  6151 Lakeside Drive, Suite 2100
   Reno, Nevada 89511
4  Telephone:  (775) 786-7600
   E-Mail: steve@harrislawreno.com
5  Attorneys for Official Committee of
6  Unsecured Creditors

7              UNITED STATES BANKRUPTCY COURT

8                FOR THE DISTRICT OF NEVADA

9                        * * * * *

10
11  IN RE:  JOHN DAVIS TRUCKING          Case No.: BK 14-51643-btb
    COMPANY, INC.,                       (Chapter 11)
12
13                                       OFFICIAL COMMITTEE OF
                                         UNSECURED CREDITORS' PROPOSED
14                                       SECOND AMENDED PLAN OF
                                         ORDERLY LIQUIDATION
15              Debtor.
16  _____/    Hrg Date:  February 10, 2016
17                                       Hrg Time:  2:00 p.m.

18
19      THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS ("Committee")

20  in the Chapter 11 case of JOHN DAVIS TRUCKING COMPANY, INC, a Nevada

21  corporation ("Debtor"), hereby proposes the following OFFICIAL COMMITTEE OF

22  UNSECURED CREDITORS' PROPOSED SECOND AMENDED PLAN OF ORDERLY

23  LIQUIDATION (the "Committee's Plan"), by and through its attorney undersigned and named

24  herein, and requests confirmation thereof pursuant to the provisions of 11 U.S.C. § 1129(a) and

25  (b).

26                        I. **INTRODUCTION**

27      This COMMITTEE'S PLAN is proposed by the Plan Proponent for the resolution of the

28  Debtor's outstanding creditor obligations.  This COMMITTEE'S PLAN is offered pursuant to

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

1

Chapter 11 of Title 11 of the United States Code, and should be read in conjunction with the proposed OFFICIAL COMMITTEE OF UNSECURED CREDITORS' PROPOSED FIRST AMENDED DISCLOSURE STATEMENT, as amended ("COMMITTEE'S DISCLOSURE STATEMENT") concerning this Debtor that will be approved by the United States Bankruptcy Court.

Along with this proposed Plan, creditors will receive a Disclosure Statement which has been approved by the United States Bankruptcy Court.  The Court has determined that the Disclosure Statement is adequate to enable creditors to make an informed judgment on whether to accept or reject the Committee's Plan.  The Disclosure Statement sets forth the Debtor's background information, an analysis of the Debtor's financial position and a summary of this Committee's Plan.  The Debtor has not authorized any statement or representation, such as the value of the Debtor's property or the amount of Debtor's creditors' claims, that are contained in the Court approved Committee's Disclosure Statement.

Information as to the procedures relating to approval, confirmation and consummation of the Plan may be obtained from STEPHEN R. HARRIS, ESQ. of the law firm HARRIS LAW PRACTICE LLC, attorneys for the Plan Proponent, upon written request.

THE PROVISIONS OF THE CONFIRMED PLAN WILL LEGALLY BIND THE DEBTOR AND ITS CREDITORS, REGARDLESS OF WHETHER THEY HAVE FILED CLAIMS OR HAVE ACCEPTED THE PLAN.  Creditors should thoroughly review both the Plan and the Disclosure Statement before determining whether to accept or reject the proposed Plan.

Debtor JOHN DAVIS TRUCKING COMPANY, INC., a Nevada corporation (hereinafter "Debtor" or "JDT"), filed its petition for relief under Chapter 11 of the Bankruptcy Code on **September 29, 2014.**  This Committee's Plan is a proposal to the Debtor's creditors to resolve the debts owed on the date of filing the petition and/or on the Confirmation Date.

//

//

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

2

# II. DEFINITIONS

## SCOPE OF DEFINITIONS

For the purposes of this Committee's Plan, all capitalized terms and otherwise defined terms shall have the meanings assigned to them in this Article II. Whenever the context requires, such terms shall include the plural number as well as the singular and the female and/or masculine gender as well as the neuter.

1. "ADMINISTRATIVE CLAIM." This term shall refer to and mean every claim that is entitled to allowance under Section 503(b) of the Bankruptcy Code or otherwise entitled to priority pursuant to Section 507(a)(1) of the Bankruptcy Code, arising prior to the Effective Date, including, without limitation: **(a)** any actual, necessary expense preserving the Estate, including, without limitation, expenses necessary or appropriate to carry out, facilitate, or effectuate this Plan; **(b)** any amount required to be paid under Section 365(b) of the Bankruptcy Code in connection with the curing of defaults under executory contracts or unexpired leases; and **(c)** all allowances, including professional fees and costs, approved by the Bankruptcy Court for the Receiver and his professionals, and the Debtor's professionals and members of and professionals employed by the Unsecured Creditors' Committee, if any.

2. "ALLOWED ADMINISTRATIVE CLAIM" shall mean an Administrative Claim: **(a)** as to which no objection has been filed or, if an objection has been filed, such objection has been resolved by the allowance of such Administrative Claim by a Final Order; **(b)** which requires payment in the ordinary course of the business of the Debtor and as to which there is no order of the Bankruptcy Court in effect which prohibits any such payment; or **(c)** which requires payment pursuant to a Final Order.

3. "ALLOWED CLAIM" or "ALLOWED INTEREST" shall mean claims against or interest in the Debtor to the extent that--

(a) Proof of claim or interest was–

(i) timely filed;

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

(ii)  deemed filed, if such claim or interest appears in the schedules filed herein, unless such claim or interest is scheduled as disputed, contingent, or unliquidated; or

(iii)  late filed–

(I)  with leave of the Bankruptcy Court; or

(II)  without objection by the  Committee or the Liquidating Trust within a time fixed by the Bankruptcy Court; and

(b) (i)  the Debtor-in-Possession does not file an objection within a time fixed by the Bankruptcy Court; or

(ii)  the claim or interest is allowed by a Final Order; or

(iii)  the claim or interest is allowed under this PLAN.

4.      "ALLOWED PRIORITY CLAIM" shall mean a Priority Claim which is an Allowed Claim.

5.      "ALLOWED SECURED CLAIM" shall mean an Allowed Claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to setoff under Section 553 of the Code, to the extent of the value (determined in accordance with Section 506(a) of the Code) of the interest of the holder of such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to such set-off, as the case may be.

6.      "ALLOWED SUBORDINATED CLAIM" shall mean an Allowed Claim arising from any Indebtedness evidenced by or related to the claim of a Subordinated Creditor.

7.      "DEFINITION OF THE BALLOT" shall mean the Ballot(s) for accepting or rejecting this Plan in a form(s) approved by the Bankruptcy Court.

8.      "BANKRUPTCY CODE" as used herein refers to Title I of Public Law No. 95-598, as codified in Title 11 of the United States Code, and all amendments thereto.

9.      "BANKRUPTCY COURT" (or "COURT") shall mean the United States Bankruptcy Court, for the District of Nevada (Reno, Nevada), in which the Debtor's Chapter 11

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

4

case is pending, such other court as has jurisdiction in its Chapter 11 case, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

10.    "BANKRUPTCY RULES" shall mean the Federal Rules of Bankruptcy Procedure, promulgated under 28 U.S.C. § 2075, including any amendments thereto, which are in effect before and as of the Confirmation Date, and thereafter during the Liquidation proceeding for the case, to the extent that they are consistent with vested rights under this Plan and the Confirmation Order.

11.    "BUSINESS DAY" shall mean any day except Saturday, Sunday, or a day on which commercial banks in Washoe County, Nevada, are authorized or required by law to close.

12.    "CAUSES OF ACTION" shall mean all actions, causes of action, Litigation Claims, Claims, liabilities, obligations, rights, suits, debts, damages, judgments, remedies, demands, setoffs, defenses, crossclaims, counterclaims, third-party claims, indemnity claims, contribution claims or any other claims disputed or undisputed, suspected or unsuspected, foreseen or unforeseen, direct or indirect, choate or inchoate, existing or hereafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission or other event occurring prior to the Petition Date or during the course of the Chapter 11 Case, up to and through the Confirmation Date.

13.    "CLAIM" shall mean:  **(a)** any right to payment from the Debtor or its Estate, including an Administrative Claim, whether or not such right is reduced to judgment, or is liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; and **(b)** any right to an equitable remedy for breach of performance of such breach gives rise to a right to payment from the Debtor or its Estate, including an Administrative Claim, whether or not such right to an equitable remedy is reduced to judgment, or is fixed, contingent, matured, unmatured, disputed, secured or unsecured.

14.    "CLAIMANT" shall mean the holder of an Allowed Claim or an Allowed Administrative Claim.

15.    "CLASS" shall mean any class into which Allowed Claims or Allowed Interests are classified pursuant to Article IV.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

5

16.    "<u>COMMENCEMENT DATE</u>" (or "<u>PETITION  DATE</u>") shall mean the date the Debtor filed its Petition for Relief [September 29, 2014], which date shall be utilized to determine the cessation of interest on certain claims and the date of commencement of the rights of certain creditors to make claim for administrative expenses and allowances, among other rights that are determined by relation to said date.

17.    "<u>CONFIRMATION</u>" shall mean the entry of the Confirmation Order by the United States Bankruptcy Court.

18.    "<u>CONFIRMATION DATE</u>" shall mean the date on which the Confirmation Order is entered on the Bankruptcy Court's docket.

19.    "<u>CONFIRMATION ORDER</u>" shall mean the Order of the Bankruptcy Court confirming this Plan pursuant to Section 1129 of the Bankruptcy Code and approving the transactions contemplated herein, which shall be in form and substance acceptable to the proponents.

20.    "<u>CONTINGENT CLAIM</u> "shall mean a Claim which is contingent, unmatured or unliquidated on or immediately before the Confirmation Date.

21.    "<u>CREDITOR</u>" shall mean any entity that has a claim against the Debtor, whether or not such Claim is an Allowed Claim, which Claim arose to or before the order for relief concerning the Debtor, including any claim that may arise under 11 U.S.C. Sections 502(f), 502(g), 502(h) and 502(i).

22.    "<u>DEBTOR</u>" shall mean JOHN DAVIS TRUCKING COMPANY, INC., a Nevada corporation, Debtor and Debtor-in-Possession herein.

23.    "<u>DEBTOR'S ASSETS</u>" shall mean all assets and property of every kind, nature and description in which the Debtor or its Estates have any right, title or interest, including but not limited to: real property, personal property, including but not limited to bank deposits, instruments, credit instruments, certificates of deposit and drafts; all executory contracts which are not and have not been rejected; insurance proceeds; all choses in action; and all claims, demands, causes of action, damages and obligations of any nature whatsoever, known or unknown in law or in equity, including, without limitation, claims or causes of action arising

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

under the Bankruptcy Code (including, without limitation, Sections 362, 510, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code), or under any federal or state statute or regulation.

24.    "DEBTOR'S PROFESSIONALS" shall mean JEFFREY L. HARTMAN, ESQ., of the law firm of HARTMAN & HARTMAN, as Debtor's general bankruptcy counsel; and all other professionals retained by the Debtor with approval of the Bankruptcy Court, in accordance with Section 327 of the Bankruptcy Code.

25.    "DISCLOSURE STATEMENT" means the written OFFICIAL COMMITTEE OF UNSECURED CREDITORS' PROPOSED FIRST AMENDED DISCLOSURE STATEMENT, as amended, with respect to this Plan which is approved by the Bankruptcy Court under Section 1125 of the Bankruptcy Code.

26.    "DISPUTED CLAIM" or "DISPUTED EQUITY INTEREST" shall mean a Claim or Equity Interest or any portion thereof which is:  (i) subject to timely objection interposed by the Committee or Liquidating Trust, if on the Confirmation Date such objection remains unresolved; or (ii) a Claim that is listed by a Debtor as disputed, unliquidated or contingent in the Schedules; provided, however, that the Bankruptcy Court may estimate a Disputed Claim for purposes of allowance pursuant to Section 502(c) of the Bankruptcy Code. The term "Disputed," when used to modify a reference in this Plan to any Claim or Class of Claims or Equity Interest, shall mean a Claim or Equity Interest (or any Claim or Equity Interest in such Class) that is a Disputed Claim or Disputed Equity Interest.  In the event there is a dispute as to classification or priority of a Claim or Equity Interest, it shall be considered a Disputed Claim or Disputed Equity Interest in its entirety.  Until such time as a Contingent Claim becomes fixed and absolute, such Claim shall be treated as a Disputed Claim and not an Allowed Claim for purposes related to allocations and distributions under this Plan.

27.    "DISTRIBUTION" shall mean any distribution by the Debtor or Liquidating Trustee to the Holders of Allowed Claims.

28.    "EFFECTIVE DATE of the PLAN" shall mean the first Business Day which is at least thirty (30) calendar days after all of the following have occurred (so long as they remain in

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

7

effect):   **(a)** this Plan has been confirmed pursuant to the Confirmation Order and the Confirmation Order remains in full force and effect without material modification thereof; **(b)** there is not in effect any stay, injunction or restraining order or any other order of any kind which has been issued by a Court of competent jurisdiction or other governmental entity staying, restricting or prohibiting the effectuation of this Plan; and **(c)** there is not in effect any statute, rule, regulation or order enacted, promulgated or entered which is applicable to the effectuation of this Plan of which results in the consequences referred to in subsection (b) immediately above.

29.     "EQUITY HOLDINGS" shall mean the common stock in the Debtor issued to Mr. John W. Davis and Mr. Shane Davis, representing 100% equity ownership of the Debtor.

30.     "ESTATE" shall mean the Estate created in this Case pursuant to Section 541 of the Bankruptcy Code.  The Estate shall remain in existence until the Chapter 11 Case is closed by Order of this Court and a Final Decree is issued at the request of the Liquidating Trust/Trustee.

31.     "EXPIRATION DATE" shall mean the last date determined by the Bankruptcy Court for the casting of Ballots, which date shall be acceptable to the proponents.

32.     "FEDERAL COURT ACTION" shall mean the litigation between NATIONAL RAILROAD PASSENGER CORPORATION, UNION PACIFIC RAILROAD and the Debtor in the United States District Court, as Case Number CV-00461-HDM-VPC, and any appeals or related actions arising therefrom.

33.     "FINAL ORDER" shall mean a final order, judgment or other decree of the Bankruptcy Court or other Court of competent jurisdiction which has not been vacated, reversed, saved, modified or amended **(a)** as to which **(i)** the time to appeal or seek review or rehearing has expired and as to which no appeal, petition for certiorari, request for review or rehearing is pending, or **(ii)** if appeal, review, rehearing or certiorari of the order has been sought, the order has been affirmed or the request for review, rehearing or certiorari has been denied, the time to seek a further appeal, review, rehearing or certiorari has expired, and **(b)** as a result of which such orders shall become final and not appealable in accordance with applicable

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

8

law.

34.    "HOLDER" shall mean an entity or Person holding an Equity Interest or Claim.

35.    "LIEN" shall mean a charge or encumbrance against or interest in property of the Debtor or the Estate to secure the payment of a debt or performance of an obligation, and includes any right of setoff under Section 553 of the Bankruptcy Code.

36.    "LIQUIDATED DEBTOR" shall mean JOHN DAVIS TRUCKING COMPANY, INC., a Nevada corporation, on and after the Effective Date of the Plan, as controlled by the Liquidating Trust.

37.    "LIQUIDATING TRUST" shall mean that Trust established pursuant to a written agreement to be drafted and presented to the Court subsequent to the hearing on Section 1125 approval of the disclosure statement by the attorney for the Official Unsecured Creditors' Committee, which Liquidating Trust shall govern and control the collection, marketing and sale of the Debtor's assets, in addition to owning all of the Debtor's assets.  The Liquidating Trust and/or Liquidating Trustee are representatives of the Estate pursuant to 11 U.S.C. § 1123(b)(3)(B).  Further, the Liquidating Trust/Liquidating Trustee are deemed a "trustee" for purposes of 11 U.S.C.§§ 108, 1106, 1107 and 1108,and Subchapter III of Chapter 5 of the United States Bankruptcy Code.

38.    "LIQUIDATING TRUSTEE" shall mean the trustee appointed by the Liquidating Trust to own and administer the assets of the Estate of JOHN DAVIS TRUCKING COMPANY, INC.  The first Liquidating Trustee shall be elected by the Official Committee of Unsecured Creditors prior to the Effective Date of this Plan.

39.    "LITIGATION CLAIMS" shall mean all rights, claims, torts, liens, liabilities, obligations, actions, causes of action, avoidance actions, derivative actions, proceedings, debts, contracts, judgments, damages and demands whatsoever in law or in equity, whether known or unknown, contingent or otherwise, that the Debtor or its Estate may have against any Person. Failure to list Litigation Claims in this Plan shall not constitute a waiver or release by the Debtor or Reorganized Debtor of such Litigation Claims.

40.    "PERSON" includes individual, partnership, corporation, association, joint stock

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

9

company, joint venture, estate, trust, unincorporated organization, any governmental unit or political subdivision thereof, or other entity, and all of the respective heirs, personal representatives, successors and assigns.

41.    "PETITION DATE" shall mean September 29, 2014, the date on which a Petition for Relief under Chapter 11 of the Bankruptcy Code was filed by the Debtor commencing this Chapter 11 case.

42.    "PLAN" means this OFFICIAL COMMITTEE OF UNSECURED CREDITORS' PROPOSED SECOND AMENDED PLAN OF ORDERLY LIQUIDATION, in the form filed by the proponent and any amendments or modifications thereof or supplements thereto filed by the proponent and permitted by Article X hereof or the Bankruptcy Court .

43.    "PRIORITY CLAIM" shall mean a claim entitled to priority under Section 507(a)(2)-(8) of the Bankruptcy Code.

44.    "PROPONENT" shall mean the Official Committee of Unsecured Creditors acting as the Proponent of this Plan.

45.    "*PRO RATA* SHARE" shall mean the proportion that an Allowed Claim in a particular class bears to the aggregate amount of all Allowed Claims in Class 1, Classes 2A through 2OO and Class 3.

46.    "PURCHASER" shall mean the transferee of a voluntary transfer.

47.    "RECORD DATE" shall mean, for purposes of voting, the date of entry by the Bankruptcy Court of the Order Approving the Disclosure Statement and, for purposes of distribution, the Confirmation Date.

48.    "REORGANIZATION CASE" shall mean the Debtor's case under Chapter 11 of the Bankruptcy Code, which is currently pending before the Bankruptcy Court as Case No. 14-51643-btb.

49.    "SCHEDULES" shall mean  the schedules of assets and liabilities and any amendments thereto filed by Debtor, the Committee, or the Liquidating Trust with the Bankruptcy Court in accordance with Section 521(1) of the Bankruptcy Code.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

10

50.    "SECURED CLAIM" shall mean the claims of note holders and, for purposes of this Plan, any other claim secured by a lien which is valid, perfected, enforceable and not avoidable.  If the value of the creditors' interest and the Estate's interest in the property securing a claim is not sufficient to satisfy such claim, then in accordance with Section 506 of the Bankruptcy Code and subject to Section 1111(b) of the Bankruptcy Code, such claim shall be deemed to be an unsecured claim under this Plan to the extent of any insufficiency in the value of the creditors' interest.

51.    "STATE COURT CLAIMS" or "STATE COURT ACTION" shall mean the litigation between the Class 1/ Class 2A through Class 2OO and the Debtor in the consolidated case pending in the Second Judicial District Court, Washoe County, Nevada as Case No. CV11-01969, and the claims of any persons asserting damages against the Debtor and UPPR/Amtrak arising out of the truck/train collision occurring on June 24, 2011.

52.    "UNSECURED CLAIM" shall mean any claim which is not a Secured Claim, Priority Claim, Administrative Claim, or an unclassified claim or the kind described in Section 507(a)(7) of the Bankruptcy Code.

53.    "UNSECURED CREDITORS' COMMITTEE" means the Unsecured Creditors' Committee appointed by the United States Trustee in this reorganization case, as modified by the addition or removal of members from time to time.

A term used in this PLAN that is not defined in this PLAN but that is used in the Bankruptcy Code has the meaning assigned to the term

### III.  ADMINISTRATIVE AND UNCLASSIFIED CLAIMS

### ADMINISTRATIVE CLAIMS

Pursuant to Section 1123(a)(1) of the Bankruptcy Code, the Claims against the Debtor set forth in this Section III are not classified within any Classes.  The Holders of such Claims are not entitled to vote on this Plan.  The treatment of the Claims set forth below is consistent with the requirements of Section 1129(a)(9)(A) of the Bankruptcy Code.

//

//

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

11

A. **Treatment of Administrative Claims**.

  1. **Generally**.

  Each Holder of an Allowed Administrative Claim shall be paid in full and final satisfaction of such Claim by the Debtor, or after the Effective Date, the Liquidating Trustee (or otherwise satisfied in accordance with its terms), upon the latest of:  (i) the Effective Date or as soon thereafter as practicable; (ii) such date as may be fixed by the Bankruptcy Court; (iii) the date such Claim becomes due by its terms; or (iv) such date as is agreed to by the Holder of such Claim and the Debtor or Liquidating Trustee.

  2. **Requests for Payment**.

  All requests for payment of Administrative Claims against the Debtor and all final applications for allowance and disbursement of Professional Fees must be filed by the Administrative Claim Bar Date or the Holders thereof shall be forever barred from asserting such Administrative Claims against the Debtor and the Reorganized Debtor.  All Professional Fee applications must be in compliance with all of the terms and provisions of any applicable order of the Bankruptcy Court, including the Confirmation Order, and all other orders governing payment of Professional Fees,  unless otherwise ordered by the Bankruptcy Court. Prior to and after the Effective Date, all professionals shall continue to be required to file fee applications with the Bankruptcy Court, including the Kirklin Law Firm, and the Liquidating Trustee may only pay professionals  if the payment request is accompanied by a Court Order authorizing payment(s).

  All allowed costs and expenses of administration in this case, including any actual and necessary expenses of preserving or liquidating the assets of the Debtor's estate, all allowances, including professional fees and costs approved by the Court, and any other costs and expenses entitled to priority pursuant to 11 U.S.C. § 507(a)(1) of the Bankruptcy Code and 28 U.S.C. § 1930 shall be paid as Allowed Administrative Claims as set forth in this Section III.  The potential holders of these Administrative Claims include the attorneys and accountants for the Debtor (to the extent approved as attorneys and accountants for the Debtor pursuant to a Final Order of the Court), the attorneys and accountants for the Unsecured Creditors' Committee (to

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

12

the extent approved as attorneys for the Debtor pursuant to a Final Order of the Court), unpaid

post-petition accounts payable (if any), and all fees to be paid to the Office of the United States

Trustee.   The estimated Administrative Expenses for the Debtor's reorganization proceeding are

approximately $250,000.00 to $550,000.00, and consist of:

| | |
|---|---|
| $0.00 | Quarterly Trustee's fees that are owed to the U.S. Trustee's Office for the applicable quarters of 2014, 2015 and 2016 prior to plan confirmation [payment is anticipated to be made when due]; |
| TBD | Professional fees for the Debtor's general bankruptcy attorney, Jeffrey L. Hartman, Esq., of Hartman & Hartman, calculated as of the Confirmation Date (after deduction of an advance retainer of $20,000.00, not including the filing fee); |
| TBD | Professional fees for the Debtor's accountants Ripley Doorn & Company (Application Approved,), calculated as of the Confirmation Date; |
| TBD | Professional fees for the Debtor's Special Litigation Counsel Kirklin Thompson & Pope (Application Approved), calculated as of the Confirmation Date. |
| $100,000.00 to $250,000.00 | Estimated professional fees for the counsel for the Unsecured Creditors' Committee, STEPHEN R. HARRIS, ESQ. of HARRIS LAW PRACTICE LLC, calculated as of the Confirmation Date; |
| $100,000.00 to $150,000.00 | Estimated professional fees and costs for the accountant for the Unsecured Creditors Committee, James S. Proctor, CPA, of Meridian Advantage, calculated as of the Confirmation Date; |
| $50,000.00 to $150,000.00 | Estimated professional fees and costs for the special counsel for the Unsecured Creditors' Committee, Scott A. Glogovac, Esq. of Glogovac & Pintar (Application Approved), calculated as of the Confirmation Date; |
| $0.00 | Post-petition accounts payable with [all post-petition administrative expenses are expected to be paid in full in the normal course of business prior to confirmation]. |

In the event that the Allowed Administrative Expenses exceed the amounts designated, the

remaining amount of unpaid allowed administrative expenses shall be paid from the proceeds

from the liquidation of Available Assets as more fully described in ARTICLE VIII below.

Professional fees, both legal and accounting, shall continue to accrue up through and subsequent

to the Confirmation Date, with final amounts owing subject to Court approval.   After the

Confirmation Date, the Liquidating Trustee may or may not continue to employ the Debtor's

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

13

professionals.

        **B.**     TREATMENT OF UNCLASSIFIED PRIORITY TAX CLAIMS:

    **1.** The Debtor's priority tax claims are as follows:

| Name | Scheduled Amount | Proof of Claim Amount | Allowed Priority Amount |
|------|------------------|------------------------|--------------------------|
| Nevada Department of Motor Vehicles | $0.00 | $19,749.75 | $4,666.50 |

No Federal income taxes or State of Nevada tax obligations have been listed on the Debtor's schedules of assets and liabilities. The Internal Revenue Service has not filed a proof of claim to designate the priority and non-priority portions of its claim, or to establish the pre-petition interest and penalties that have been assessed. In the event priority tax claims are determined to be owed, pursuant to the Plan, the treatment and disposition of the unclassified priority tax claims, if any, will be as follows: Any claim discrepancy will be resolved by the claim objection process, with the stipulated amount and/or Court decreed amount owing used to calculate that particular creditors' allowed claim being paid by the Liquidating Trust. All unclassified priority tax creditors, if any, shall be paid 100% of their allowed claim amount, with statutory interest thereon, in five (5) annual installments, with the first installment due twelve (12 months after the Effective Date of the Plan, or paid earlier at the option of the Liquidating Trustee. In the event the Liquidating Trust fails to make the payments as set forth hereinabove, the allowed priority tax creditors, if any, shall have the right to proceed with any administrative remedies available to them fifteen (15) days after written notice of default has been given to the Liquidating Trust, to the Debtor and its attorney, JEFFREY L. HARTMAN, ESQ.

## IV. CLASSIFICATION OF CLAIMS AND INTERESTS

    **A.**    In General.    Pursuant to this Plan and in accordance with Sections 1122 and 1123(a)(1) of the Bankruptcy Code, all Claims of Creditors and the Holders of Equity Interests (except Administrative Claims and Priority Tax Claims) are placed in the Classes described below. A Claim or Equity Interest is classified in a particular Class only to the extent that the Claim or Equity Interest qualifies within the description of that Class and is classified in other

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

14

1    Classes only to the extent that any remainder of the Claim or Equity Interest qualifies within the

2    description of such other Classes.  A Claim or Equity Interest is also classified in a particular

3    Class only to the extent that such Claim or Equity Interest is an Allowed Claim or Allowed

4    Equity Interest in that Class and has not been paid, released or otherwise satisfied prior to the

5    Effective Date.  With respect to Classes of Claims described as Unimpaired under thePlan,

6    except as otherwise provided under the Plan, nothing shall affect the rights and legal and

7    equitable defenses of the Debtor and the Reorganized Debtor/Liquidated Debtor regarding such

8    Claims classified as Unimpaired under this Plan, including but not limited to all rights in respect

9    of legal and equitable defenses to setoff or recoupment against such Claims.

10            B.    Specifics on Claims and Interests

11            1.    **CLASS 1: JUDGMENT CREDITOR CLAIMS [AMTRAK AND UNION**

12    **PACIFIC RAILROAD]:**  This Class consists of the judgment claim in favor of NATIONAL

13    RAILROAD PASSENGER CORPORATION ("Amtrak") currently in the amount of

14    $4,552,459.44 (POC 36 - $32,000,000.00 and POC 35 - $5,308,760.15 both filed on July 2,

15    2015) , and the judgment claim in favor of UNION PACIFIC RAILROAD ("UPPR") currently

16    in the amount of $210,777.04 (POC 5- $210,777.04 filed on January 23, 2015), both as awarded

17    by the United States District Court in Case Number CV-00461-HDM-VPC by entry of the

18    JUDGMENT IN A CIVIL CASE filed on August 29, 2014, with the final claim amounts subject

19    to any post-trial motions, appeals or related actions arising therefrom, and any filed proofs of

20    claim to be amended accordingly.  By reason of the Debtor's appeal of the judgment claims in

21    the Federal Court Action, the Class 1 claims are deemed disputed by the Debtor.

22            2.    **CLASS 2A:  PERSONAL INJURY CLAIM [ALEXANDRA CURTIS]:** This

23    Class consists of the pending State Court claim for damages resulting from a truck/train

24    collision occurring on June 24, 2011 (POC 26 - $1,000,000.00 filed on June 24, 2015). By

25    reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2A

26    claim is deemed disputed by the Debtor.

27            3.    **CLASS 2B:  PERSONAL INJURY CLAIM [ANGELICA LONGORIA]:**

28    This Class consists of the pending State Court claim for damages resulting from a truck/train

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

15

collision occurring on June 24, 2011 (No Proof of Claim has been timely filed by this claimant, and the Debtor disputed same in its schedules. The Committee has not yet voted to oppose or not oppose any Court request to allow a late filed proof of claim, although in light of previous agreements, an Order approving a late filed proof of claim as timely will likely be entered. By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2B claim is deemed disputed by the Debtor.

    **4.**      **CLASS 2C: PERSONAL INJURY CLAIM [ANTONIA CERDA]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011. (Pursuant to the ORDER APPROVING STIPULATION FOR ALLOWANCE OF PROOFS OF CLAIM AS TIMELY FILED [Docket No. 239] Proof of Claim 45 has been deemed as timely filed by this claimant.)). By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2C claim is deemed disputed by the Debtor.

    **5.**      **CLASS 2D: PERSONAL INJURY CLAIM [BLAINE BENNETT]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 3 - $1,000,000.00 filed January 23, 2015). By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2D claim is deemed disputed by the Debtor.

    **6.**      **CLASS 2E: PERSONAL INJURY CLAIM [CHERRY WILLIAMS]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 34 - $1,000,000.00 filed on July 1, 2015). By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2E claim is deemed disputed by the Debtor.

    **7.**      **CLASS 2F: PERSONAL INJURY CLAIM [CHRISTINE SWEJKOSKI]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (Pursuant to the ORDER GRANTING MOTION TO FIND EXCUSABLE NEGLECT [Docket No. 219] Proof of Claim 41 has been deemed as timely filed by this claimant.)). By reason of the Debtor's denial of the claim for damages in

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

16

1  the State Court Action, the Class 2F claim is deemed disputed by the Debtor.

2      **8.      CLASS 2G:  PERSONAL INJURY CLAIM [CHRISTOPHER LEE]:** This

3  Class consists of the pending State Court claim for damages resulting from a truck/train

4  collision occurring on June 24, 2011 (POC 10 - $5,000,001.00 filed on June 19, 2015).  By

5  reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2G

6  claim is deemed disputed by the Debtor.

7      **9.      CLASS 2H:  PERSONAL INJURY CLAIM [DAE KEUN PARK]:** This

8  Class consists of the pending State Court claim for damages resulting from a truck/train

9  collision occurring on June 24, 2011 (Pursuant to the ORDER ALLOWING INFORMAL

10  PROOFS OF CLAIM [Docket No. 229] Proof of Claim 37 has been deemed as timely filed by

11  this claimant.)  By reason of the Debtor's denial of the claim for damages in the State Court

12  Action, the Class 2H claim is deemed disputed by the Debtor.

13      **10.      CLASS 2I:  PERSONAL INJURY CLAIM [BLAINE DIANE POTTER]:**

14  This Class consists of the pending State Court claim for damages resulting from a truck/train

15  collision occurring on June 24, 2011 (POC 27 - $5,000,000.00 filed on June 29, 2015).  By

16  reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2I

17  claim is deemed disputed by the Debtor.

18      **11.      CLASS 2J:  PERSONAL INJURY CLAIM [ESTATE OF BARBARA**

19  **BELL]:** This Class consists of the pending State Court claim for damages resulting from a

20  truck/train collision occurring on June 24, 2011 (POC 24 - $5,000,000.00 filed on June 24,

21  2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the

22  Class 2J claim is deemed disputed by the Debtor.

23      **12.      CLASS 2K:  PERSONAL INJURY CLAIM [ESTATE OF FRANCES**

24  **KNOX]:** This Class consists of the pending State Court claim for damages resulting from a

25  truck/train collision occurring on June 24, 2011 (POC 23 - $5,000,000.00 filed on June 24,

26  2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the

27  Class 2K claim is deemed disputed by the Debtor.

28          //

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

17

13.    **CLASS 2L:  PERSONAL INJURY CLAIM [ESTATE OF KARLY KNOX]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 22 - $5,000,000.00 filed on June 24, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2L claim is deemed disputed by the Debtor.

14.    **CLASS 2M:  PERSONAL INJURY CLAIM [ESTATE OF LAURETTE AXELLE LEE]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 13 - $5,000,001.00 filed on June 19, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2M claim is deemed disputed by the Debtor.

15.    **CLASS 2N:  PERSONAL INJURY CLAIM [ESTEBAN SCHUYMACHER-PORTILLO]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 9 - $5,000,000.00 filed on June 19, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2N claim is deemed disputed by the Debtor.

16.    **CLASS 2O:  PERSONAL INJURY CLAIM [EVELYN JOHNSON]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 30 - $1,000,000.00 filed on June 30, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2O claim is deemed disputed by the Debtor.

17.    **CLASS 2P:  PERSONAL INJURY CLAIM [GLENNA LEE]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 12 - $5,000,000.00 filed on June 19, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2P claim is deemed disputed by the Debtor.

18.    **CLASS 2Q:  PERSONAL INJURY CLAIM [HYUNG WON PARK]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (Pursuant to the ORDER ALLOWING INFORMAL

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

18

PROOFS OF CLAIM [Docket No. 229] Proof of Claim 39 has been deemed as timely filed by this claimant.)).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2Q claim is deemed disputed by the Debtor.

19.    **CLASS 2R:  PERSONAL INJURY CLAIM [JEANIE SCHUMACHER]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 8 - $5,000,000.00 filed on June 19, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2R claim is deemed disputed by the Debtor.

20.    **CLASS 2S:  PERSONAL INJURY CLAIM [JOHN SPELTA]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, (Pursuant to the ORDER GRANTING MOTION TO FIND EXCUSABLE NEGLECT [Docket No. 219] Proof of Claim 42 has been deemed as timely filed by this claimant.)  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2S claim is deemed disputed by the Debtor.

21.    **CLASS 2T:  PERSONAL INJURY CLAIM [KATHERINE BELL]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 14 – 5,000,000.00 filed on June 24, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2T claim is deemed disputed by the Debtor.

22.    **CLASS 2U:  PERSONAL INJURY CLAIM [KATHRINE SPELTA]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (Pursuant to the ORDER GRANTING MOTION TO FIND EXCUSABLE NEGLECT [Docket No. 219] Proof of Claim 43 has been deemed as timely filed by this claimant.).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2U claim is deemed disputed by the Debtor.

23.    **CLASS 2V: PERSONAL INJURY CLAIM [KRISTA KNOX, AS HEIR OF FRANCES KNOX]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 15 - $5,000,000.00 filed

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

19

on June 24, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2V claim is deemed disputed by the Debtor.

**24.**      **CLASS 2W:  PERSONAL INJURY CLAIM [KYUNG RAN YOU]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011   Pursuant to the ORDER ALLOWING INFORMAL PROOFS OF CLAIM [Docket No. 229] Proof of Claim 38 has been deemed as timely filed by this claimant.)).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2W claim is deemed disputed by the Debtor.

**25.**      **CLASS 2X:  PERSONAL INJURY CLAIM [LANA DICKERSON]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 28 - $5,000,000.00 filed June 30, 2015).   By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2X claim is deemed disputed by the Debtor.

**26.**      **CLASS 2Y:  PERSONAL INJURY CLAIM [LISA SWEJKOSKI]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 Pursuant to the Order Granting Motion to Find Excusable Neglect [Docket No. 219], Proof of Claim 40 has been deemed as timely filed by this claimant) By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2Y claim is deemed disputed by the Debtor.

**27.**      **CLASS 2Z:  PERSONAL INJURY CLAIM [LOGAN LONGORIA]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011(Pursuant to the ORDER APPROVING STIPULATION FOR ALLOWANCE OF PROOFS OF CLAIM AS TIMELY FILED [Docket No. 239] Proof of Claim 46 has been deemed as timely filed by this claimant.)  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2Z claim is deemed disputed by the Debtor.

**28.**      **CLASS 2AA:  PERSONAL INJURY CLAIM [LOXIE SANDERS]:** This Class consists of the pending State Court claim for damages resulting from a truck/train

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

20

collision occurring on June 24, 2011 (POC 33 - $1,000,000.00 filed on July 1, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2AA claim is deemed disputed by the Debtor.

29.    **CLASS 2BB:  PERSONAL INJURY CLAIM [MARCUS LONGORIA]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011  (Pursuant to the ORDER APPROVING STIPULATION FOR ALLOWANCE OF PROOFS OF CLAIM AS TIMELY FILED [Docket No. 239] Proof of Claim 47 has been deemed as timely filed by this claimant.)  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2BB claim is deemed disputed by the Debtor.

30.    **CLASS 2CC:  PERSONAL INJURY CLAIM [MARISSA KNOX]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 25 - $5,000,000.00 filed on June 24, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2CC claim is deemed disputed by the Debtor.

31.    **CLASS 2DD:  PERSONAL INJURY CLAIM [MARJORIE GOOLSBY]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 30 - $6,000,000.00 filed on June 30, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2DD claim is deemed disputed by the Debtor.

32.    **CLASS 2EE:  PERSONAL INJURY CLAIM [MICHELLE KNOX AS HEIR OF FRANCES KNOX]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 17 - $5,000,000.00 filed on June 24, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2EE claim is deemed disputed by the Debtor.

33.    **CLASS 2FF:  PERSONAL INJURY CLAIM [MONICA MORENO]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 32 - $1,000,000.00 filed on July 1, 2015).  By reason

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

21

1    of the Debtor's denial of the claim for damages in the State Court Action, the Class 2FF claim is

2    deemed disputed by the Debtor.

3         **34.**    **CLASS 2GG:  PERSONAL INJURY CLAIM [PERRY JARAMILLO]:** This

4    Class consists of the pending State Court claim for damages resulting from a truck/train

5    collision occurring on June 24, 2011  Pursuant to the ORDER APPROVING STIPULATION

6    FOR ALLOWANCE OF PROOFS OF CLAIM AS TIMELY FILED [Docket No. 239] Proof of

7    Claim 44 has been deemed as timely filed by this claimant.).  By reason of the Debtor's denial

8    of the claim for damages in the State Court Action, the Class 2GG claim is deemed disputed by

9    the Debtor.

10         **35.**    **CLASS  2HH:    PERSONAL  INJURY  CLAIM  [RICHARD**

11    **D'ALLESANDRO]:** This Class consists of the pending State Court claim for damages

12    resulting from a truck/train collision occurring on June 24, 2011 (POC 7- $5,000,001.00 filed on

13    June 19, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court

14    Action, the Class 2HH claim is deemed disputed by the Debtor.

15         **36.**    **CLASS  2II:    PERSONAL  INJURY  CLAIM  [RONALD**

16    **WERCKENTHIEN]:** This Class consists of the pending State Court claim for damages

17    resulting from a truck/train collision occurring on June 24, 2011 (POC 29 - $1,000,000.00 filed

18    June 30, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court

19    Action, the Class 2II claim is deemed disputed by the Debtor.

20         **37.**    **CLASS 2JJ:  PERSONAL INJURY CLAIM [SHANNON LEE]:** This Class

21    consists of the pending State Court claim for damages resulting from a truck/train collision

22    occurring on June 24, 2011 (POC 11 - $5,000,001.00 filed on June 19, 2015).  By reason of the

23    Debtor's denial of the claim for damages in the State Court Action, the Class 2JJ claim is

24    deemed disputed by the Debtor.

25         **38.**    **CLASS 2KK:  PERSONAL INJURY CLAIM [STEPHEN SHIREY]:** This

26    Class consists of the pending State Court claim for damages resulting from a truck/train

27    collision occurring on June 24, 2011(POC 4 - $5,000,000.00 filed January 23, 2015).  By reason

28

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

22

of the Debtor's denial of the claim for damages in the State Court Action, the Class 2KK claim is deemed disputed by the Debtor.

39.    **CLASS 2LL:  PERSONAL INJURY CLAIM [WILLIAM KNOX AS HEIR OF FRANCES KNOX]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 20 - $5,000,000.00 filed on June 24, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2LL claim is deemed disputed by the Debtor.

40.    **CLASS 2MM:  PERSONAL INJURY CLAIM [WILLIAM KNOX, GAL OF KATELYN KNOX]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 19 - $5,000,000.00 filed on June 24, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2MM claim is deemed disputed by the Debtor.

41.    **CLASS 2NN:  PERSONAL INJURY CLAIM [WILLIAM KNOX, GAL OF KYLA KNOX]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 16 - $5,000,000.00 filed on June 24, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2NN claim is deemed disputed by the Debtor.

42.    **CLASS 2OO:  PERSONAL INJURY CLAIM [WILLIAM KNOX, GAL OF NOAH KNOX]:** This Class consists of the pending State Court claim for damages resulting from a truck/train collision occurring on June 24, 2011 (POC 18 - $5,000,000.00 filed on June 24, 2015).  By reason of the Debtor's denial of the claim for damages in the State Court Action, the Class 2OO claim is deemed disputed by the Debtor.

43.    **CLASS 3: NON-PERSONAL INJURY CLAIMS [ALLOWED GENERAL UNSECURED CREDITORS]:**  This Class consists of all allowed general unsecured claims against the Debtor, and other disputed claims to the extent disputed claims may be proven and allowed by the Court, that are not personal injury claims arising out of the truck/train collision occurring on June 24, 2011.  The Class 3 General Unsecured Claims total approximately $929,735.05, of which only $15,083.25 are considered allowed general unsecured claims by the

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

Committee, and are detailed as follows:

| CLAIMANT | Scheduled Amount | Proof of Claim Amount | Allowed Amount |
|---|---|---|---|
| Steven T. Jaffe, Esq. | $0.00 | $0.00 | $0.00 |
| Wells Fargo Bank Equipment Finance (Contingent) | $663,322.00 | $666,127.34 | unknown |
| Heritage Bank of Nevada (Contingent) | $0.00 | $0.00 | $0.00 |
| Kirklin Thompson & Pope, LLC | $220,080.00 | $248,524.46 | $248,524.46 |
| Nevada Dept. of Motor Vehicles | $0.00 | $15,083.25 | $15,083.25 |
| TOTAL CLAIMS | $883,402.00 | $929,735.05 | $263,607.71 |

**44.   CLASS 4: OWNERSHIP [EQUITY INTERESTS OF DEBTOR]:**  This Class consists of the shareholders' equity interests in JOHN DAVIS TRUCKING COMPANY, INC., and represents the 50% shareholder interest owned by John W. Davis and the 50% shareholder interest owned by Shane Davis.

## V.   TREATMENT OF CLASSES

### A.   CLASS 1: JUDGMENT CLAIMS [ AMTRAK AND UPRR]:

The Class 1 judgment claims of Amtrak and UPRR, as may be amended and allowed, shall be paid a pro-rata share with any and all allowed Classes 2A through 2OO claims and Class 3 claims, of the monies received from the liquidation of the assets of the Debtor by the Liquidating Trust, as more fully described in Article VIII herein, although Class 3 claimants shall not share in any insurance proceeds received from Argonaut/Hallmark. With respect to Class 1, effective August 25, 2015, the automatic stay provisions of Section 362(a) of the Bankruptcy Code, were modified to allow the claimants to pursue their post-trial motions/appeals, or engage in settlement negotiations in order to determine the liquidated value of each claim, except as otherwise agreed by the Liquidating Trust and the claimants.  Argonaut Insurance is expected to provide any legal defenses for the Estate in defending these claims, with all defense costs so incurred to be paid by Argonaut Insurance, consistent with the terms and conditions of the parties' insurance policy.  However, if Hallmark and/or other insurers liable for a share of defense costs, elect to participate in payment of attorney's fees and costs

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

24

incurred in defending these claims, it shall be without prejudice to Estate claims that Argonaut/Hallmark and/or other insurers should have covered and reimbursed fees and costs paid to Kirklin Thompson & Pope by the Debtor.  Accordingly, the Class 1 judgment claims of Amtrak and UPRR are impaired under the Plan.

**B.    CLASSES 2A through 2OO:    PERSONAL INJURY CLAIMS [Allowed General Unsecured Creditors]:**

The amount of each of  the Class 2A through Class 2OO alleged personal injury claims has not yet been determined and allowed, either by judicial adjudication or by settlement agreement.  With respect to Classes 2A through 2OO, effective as of August 25, 2015, the automatic stay provisions of Section 362(a) of the Bankruptcy Code, were modified to allow the claimants to pursue their remedies in the State Court Action/Federal Court Action or engage in settlement negotiations in order to determine the liquidated value of each individual claim for personal injury damages, except as otherwise agreed by the Liquidating Trust and the claimants. Argonaut Insurance is expected to provide any legal defenses for the Estate in defending these claims, with all defense costs so incurred to be paid by Argonaut Insurance, consistent with the terms and conditions of the parties' insurance policy.  However, if Hallmark and/or other insurers liable for a share of defense costs, elect to participate in payment of attorney's fees and costs incurred in defending these claims, it shall be without prejudice to Estate claims that Argonaut/Hallmark and/or other insurers should have covered and reimbursed fees and costs paid to Kirklin Thompson & Pope by the Debtor.   Upon final determination and allowance of the amount of each individual claim(s), all Class 2A through Class 2OO claimants shall be paid a pro-rata share with any allowed Class 1 and allowed Class 3 claimants, of the monies received from the liquidation of the assets of the Debtor by the Liquidating Trust, as more fully described in Article VIII herein, although Class 3 claimants shall not share in any insurance proceeds received from Argonaut/Hallmark. Accordingly, the Class 2A through Class 2OO personal injury claims are each impaired under the Plan.

**C.    CLASS 3:    NON-PERSONAL INJURY UNSECURED CLAIMS - (ALLOWED GENERAL UNSECURED CREDITORS):**

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

25

The Class 3 Allowed General Unsecured Claims, along with Class 1 and Classes 2A through Class 2OO claims, as may be allowed, , shall be paid a pro-rata share of the monies received from the liquidation of the Debtor's assets by the Liquidating Trust, as more fully described in Article VIII herein, although Class 3 claimants shall not share in any insurance proceeds received from Argonaut/Hallmark.  Accordingly, the Class 3 Non-Personal Injury General Unsecured Claims are each impaired under the Plan.

D.    **CLASS 4: OWNERSHIP  (EQUITY INTERESTS OF DEBTOR)**:

Upon Plan Confirmation and formation of the Liquidating Trust, as more fully described in Article VIII hereinafter, JOHN DAVIS TRUCKING COMPANY, INC., shall cease all business operations and all assets shall be turned over to the proposed Liquidating Trust.  On the Effective Date of the Plan, all Class 4 Equity Interests in the Debtor shall be cancelled.  Holders of Class 4 Equity Interests shall not receive or retain any property on account of their Equity Interests under this Plan, unless and until all allowed creditors' claims are paid in full pursuant to this Plan, with interest thereon at the Federal rate..  Accordingly, holders of Class 4 Equity Interests are impaired under the Plan.

VI.  **TREATMENT OF EXECUTORY CONTRACTS, NON-EXECUTORY CONTRACTS, UNEXPIRED LEASES AND DISPUTED CLAIMS**

A.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases not specifically assumed or rejected as of the Confirmation Date or as to which a motion to assume or reject shall not be pending on the Confirmation Date, shall be deemed rejected by the Debtor.  The Committee intends to reject, if not already rejected by operation of law, the following: Lease of Equipment yard in Battle Mountain, Nevada with SDJD, LLC; and Lease of aggregate pit in Battle Mountain, Nevada from 26 Ranch, LLC.

B.  **DISPUTED CLAIMS**

Through the proposed Liquidating Trust, the Trustee will only make distributions according to the Plan and when claims become Allowed Claims.  There are currently claims pending against the Debtor, either filed or scheduled, which are or will become Disputed

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

26

1  Claims.  As to some Disputed Claims, the Committee disputes only the classification of the

2  claims asserted by the holder.  With respect to other Disputed Claims, the Committee accepts

3  the classification asserted by the holder but disputes the amount of the claim alleged by such

4  holder.  In some cases, the Committee disputes both the asserted classification and the alleged

5  amount.  In addition, the Committee and other parties in interest may object to certain other

6  claims.  No distribution will be made with respect to any such Disputed Claims unless and until

7  they become allowed claims. The Committee may dispute the following claims at this time: The

8  contingent claim of Wells Fargo Bank against Debtor as guarantor of an obligation incurred by

9  3D Concrete in the amount of $666,127.34; the contingent claim of Heritage Bank of Nevada

10  against Debtor as guarantor of an obligation incurred by Reno-Sparks Investment Properties,

11  LLC, in an amount unknown at this time; any attorney's fees claimed as owed by Steven T.

12  Jaffe, Esq.; and certain Class 3 claimants noted in Article V, paragraph B herein.

13  VII.  <u>STATEMENT OF IMPAIRMENT AND PLAN VOTING</u>

14  All Classes are impaired under the Plan, specifically Classes 1, 2A through 2OO, 3 and

15  4.  For purposes of voting on the Plan, Class 1 creditors shall be entitled to use their Judgment

16  claim amounts, as may be amended; the claims of Classes 2A through 2OO each shall be entitled

17  to use their filed Proof of Claim amount, and the Class 3 (with the exceptions noted in Article

18  V, paragraph B herein) claims shall be entitled to use the allowed amount specified by the

19  Committee herein, unless otherwise ordered by the Court upon a motion filed to allow the

20  claim(s) for a different amount for voting purposes.

21  VIII.  <u>MEANS FOR EXECUTION OF THE PLAN</u>

22  A.    <u>In General –</u>.

23  The Plan cannot be confirmed unless the Court finds that it is "feasible" which

24  means that the Committee has timely submitted evidence establishing the Liquidating Trust will

25  have sufficient funds available to satisfy all expenses, including scheduled creditor payments as

26  discussed above to the extent assets are available, with no monies or property going to the Class

27  4 Equity Interest holders unless all allowed creditors' claims in Class 1, Classes 2A through

28  2OO and Class 3 (with the exceptions noted in Article V, paragraph B herein) are paid in full

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

27

under the Plan, including interest at the Federal rate, until paid. The Debtor and the Committee have tentatively agreed to the method to execute and implement the Plan as specified hereinafter. The Plan will be executed and implemented through distributions according to the priority scheme under § 726 and as set forth in Article V. Treatment of Classes.

B.    Debtor's Continued Operation of Business and Involvement in Liquidation of Inventory.

1.    The Debtor's principals, John Davis and Shane Davis, shall formulate a business plan commencing February 1, 2016, for the timely and expeditious liquidation of the Debtor's trucks, trailers, parts and inventory. The business plan will include a proposed disposition of these personal property assets and shall include the timing of sales and the "packaging" of the Debtor's trucks, trailers, parts and inventory for public auction sales. The business plan for liquidation must be approved by the Committee (or the Liquidating Trustee, as applicable), and the Court, after notice and hearing, and for those items to be submitted for sale at public auction, the auctioneer, Ritchie Bros. Proceeds from the Court approved sale of assets shall be deposited in the Debtor's segregated account, or if applicable, the bank account maintained by the Liquidating Trust.

2.    The Debtor will continue to operate its business through April 2016, on the condition that the Debtor will operate at a profit, and sales proceeds from the sale of assets are not to be included in determining the Debtor's profitability. John Davis and Shane Davis may be paid the normal salaries they have been receiving since the Petition Date, however the Committee does not admit that their salaries have been reasonable. Additionally no employee fringe benefits except health benefits may be paid to John Davis and/or Shane Davis, and no other Davis family member or Davis related entity may receive any compensation between January 1, 2016 and the cessation of business operations. In addition to the post-confirmation Quarterly Operating Reports required by the United State Trustee, Debtor shall provide monthly post-confirmation operating reports to the Committee, as dictated by asset sales and termination of business operations. If during this time period the Debtor is not profitable for two consecutive months, then the Debtor shall cease all business operations. Upon cessation of

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

28

business operations, whether on April 30, 2016 or before, the Debtor is authorized to pay all outstanding ordinary and reasonable liabilities incurred post-petition from operating income (Debtor may not use monies received from any Court approved sales, unless Court approval is first obtained). Further, upon cessation of business operations, all remaining inventory, trucks, trailers and parts shall come under the control and ownership of the Liquidating Trust, which may, subject to income tax considerations, transfer the titles of all remaining assets to the Liquidating Trust or may otherwise assume control of those assets. All other assets of the Debtor shall revest in the Liquidating Trust upon Plan Confirmation.

Any sale of assets must be approved by the Court. If funds from asset sales on deposit in the segregated account are needed to pay administrative expenses (including professionals' fees or other expenses), then Court approval is first required. s

C.    Available Assets to be Transferred and Assigned to the Liquidating Trust.

Available Assets shall include, will be available for payment of Class 1, Classes 2A through 2OO, and Class 3(with the exceptions noted in Article V, paragraph C herein) allowed claims. Available Assets shall be transferred and assigned to the Liquidating Trust on or before the Effective Date of the Plan and are described as follows:

1.    All vehicles, trailers and equipment in the possession of the Debtor as of the Petition Date, less those vehicles, trailers and equipment approved for sale pursuant to the ORDER AUTHORIZING SALE OF PERSONAL PROPERTY AND EMPLOYING RITCHIE BROS AUCTIONEERS; PAYMENT OF COMMISSION [Docket No. 87]. The MOTION FOR ORDER AUTHORIZING SECOND SALE OF PERSONAL PROPERTY AND EMPLOYING RITCHIE BROS. AUCTIONEERS; PAYMENT OF COMMISSION [Docket No. 116] which was approved by the Court on May 29, 2015, and any subsequent Order approving the sale of personal property entered by the Court. The proceeds from said sales maintained in the segregated account, shall be turned over to the Liquidating Trust.

2.    All monies in any bank account maintained by the Debtor.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE: (775) 786-7600

29

3.     Insurance proceeds under a policy of liability insurance in the amount of $1,000,000.00 purchased from Argonaut Insurance. These insurance proceeds are property of the Estate, and they will be distributed by the Liquidating Trust pro rata to allowed Class 1 and Class 2 claims, but not distributed to Class 3 claimants.

4.     Excess insurance proceeds that may be available under a policy of liability insurance estimated in the amount of $3,000,000.00, purchased from Hallmark Insurance. These insurance proceeds are property of the Estate, and they will be distributed by the Liquidating Trust pro rata to allowed Class 1 and Class 2 claims, but not distributed to Class 3 claimants. The availability of the $3,000,000.00 excess liability insurance proceeds is disputed by Hallmark Insurance. Specifically, Hallmark Insurance has filed a motion requesting relief from the §362(a) automatic stay, in order to file a declaratory relief or reformation action in Federal Court to determine the availability of excess insurance policy proceeds to Class 1 and Class 2A through Class 2OO creditors, which motion was denied. .

5.     Potential cause of action against Kirklin Thompson & Pope ("Kirklin Law Firm")for recapture of allegedly avoidable transfers in the estimated amount of $606,604.17 and $134,588.50.

6.     Potential breach of contract/other causes of action against the Kirklin Law Firm and/or Argonaut Insurance and/or Hallmark Insurance and other insurers arising from the Debtor's payment of pre-petition attorney's fees and costs  to the Kirklin Firm that are believed to exceed $2,000,000.00, for which Argonaut Insurance, Hallmark Insurance or other insurers may be liable.

7.     Potential breach of contract/insurance malpractice/fraud claim against Hanica Insurance Company, Transwestern and/or Susan Davis for negligence and/or improper procurement of excess insurance coverage/policy with Hallmark Insurance; and/or potential breaches of fiduciary duty.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

30

8.    Potential causes of action against Debtor's insiders including, but not limited to, actions to recapture excessive compensation/bonus paid, both pre-petition and post-petition, to insider employees and owners, primarily John Davis and Shane Davis, who were paid in excess of $2,000,000.00 from September 29, 2010 to the present, and breach of fiduciary duty.

9.    All accounts receivable held by the Debtor.

10.   The unused portion of any funds on deposit with the Nevada Department of Taxation, Goicochea, Di Grazia, Coyle & Stanton ($69,500.00), and the cash bond for 26 Ranch identified on Schedule B of the Debtor's Schedules of Assets and Liabilities, and any other cash bonds or deposits held for the Estate.

11.   Potential breach of contract/legal malpractice claims against the law firm of Goicoechea, Di Grazia Coyle & Stanton and its attorneys.

12.   Potential breach of contract/legal malpractice claims against the law firm of Hall Jaffe & Clayton and its attorneys.

13.   Potential breach of contract/legal malpractice claim against the Kirklin Firm and its attorneys.

14.   Potential breach of contract/legal malpractice/other claims against the law firm of Thorndal, Armstrong, Delk, Balkenbush & Eisinger (Debtor's pre-petition insurance coverage counsel in connection with, among other things, Hallmark Insurance).

15.   Potential action for substantive consolidation with non-debtor Quality Transportation, Inc., with the Debtor, and any assets of Quality Transportation, Inc. that inure to the benefit of the substantively consolidated Debtors that would be administered by the Liquidating Trust.

16.   Potential causes of action against 3D Concrete, SDJD Properties, LLC, Reno-Sparks Investment Properties, LLC, and/or other entities owned in whole or in part by John W. Davis and Shane Davis.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

31

17.     Potential counterclaims held by the Estate against UPPR/ Amtrak in the Federal Court Action and the State Court Action, including possible contribution/indemnity arising out of the Personal Injury Claims pending against the Debtor for damages in the State Court Action and the Federal Court Action.

No person or entity may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any such cause of action against them as any indication that the Estate or the Liquidating Trust will not pursue any and all available causes of action against them.  No preclusion doctrine, including the doctrine of *res judicata*, collateral estoppel, issue preclusion, claim preclusion (judicial, equitable, or otherwise), or laches, shall apply to such causes of action upon, after, or as a consequence of the Confirmation or consummation of the Plan.

D.     Execution of Documents.

The Liquidating Trustee is authorized and directed to execute and deliver all documents and to take and cause to be taken all actions necessary or appropriate to execute and implement the provisions of this Committee's Plan.

E.     Liquidation Plan Amendments.

This Committee's Plan may be altered, amended, or modified by the Committee and/or the Liquidating Trustee before or after the Confirmation Date, as provided in §1127 of the Bankruptcy Code.

F.     Liquidating Trustee.

The Liquidating Trustee shall be elected by a majority vote of the members of the Official Committee of Unsecured Creditors prior to the Effective Date of the Plan.  The Liquidating Trustee shall have the sole and exclusive right to make the distribution of funds required by the Plan of Liquidation, as amended..  The Liquidating Trustee may hold or invest the funds in one or more accounts, provided that all investments shall be made in accordance with § 345.  As of the Effective Date, the Liquidating Trustee shall be the authorized signatory on behalf of the Estate and on behalf of the Liquidating Trust, as the successor in interest to assets of and claims held by the Estate.  Except as otherwise set forth herein pursuant to § 1123(b)(3), the Liquidating Trustee shall (a) have the ability to settle any claim or interest

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

32

belonging to the Debtor or the Estate subject to Rule 9019 approval,, and (b) the Liquidating Trust, as the representative of the Estate and successor in interest to all claims, shall be substituted as the real party in interest entitled to pursue and/or prosecute any claim or interest that is transferred to the Liquidating Trust.

  G. <u>Interim and Final Report.</u>

  The Liquidating Trustee shall file interim reports every four (4) months after the Confirmation Date.  After final distribution has been made of all assets, the Liquidating Trustee shall file a report and the Liquidating Trustee shall cause final decrees to be issued.

  H. <u>Distribution</u>

  All cash proceeds (except insurance policy proceeds, as indicated above) shall be distributed to the allowed creditors in Class 1, Classes 2A through Class 2OO and Class 3 (with the exceptions noted in Article V, paragraph C herein), pro-rata after all individual claim amounts have been determined, except any amounts necessary to pay Disputed Claims against the Estate, in the event they are allowed, which shall be held as a reserve and paid as such claims are determined by agreement between the parties or as are judicially determined.

  I. <u>Taxes</u>

  Unless otherwise provided for in the Plan, all taxes are paid current and there are no tax liens on real or personal property owned by the Estate.

## IX. <u>MISCELLANEOUS PROVISIONS</u>

  A. <u>The Liquidating Trustee</u>.

  The Liquidating Trustee shall be responsible for making all payments contemplated in the Committee's Plan and transmitting payment to those claimants.  To assist it in discharging those responsibilities, the Liquidating Trustee shall select a depository institution authorized by the Court for all funds which are to be sequestered for claims of creditors and ultimately distributed to creditors holding allowed claims.

  B. <u>Unclaimed Distributions</u>.

  Any property to be distributed pursuant to the Plan, if not claimed by the distributee within one (1) year after the payment, shall be returned to the LiquidatingTrust.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

33

C.     Vesting of Assets.

Subject to the provisions of this Plan, the Assets shall be transferred to and by the Liquidating Trust on or after the Effective Date.  On and after the Effective Date, the Liquidating Trustee may use, acquire, and dispose of property without supervision of or approval by the Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than restrictions expressly imposed by this Plan, the Confirmation Order and the Liquidating Trust.  With respect to compromise or settlement of any claims, the Liquidating Trustee must have Bankruptcy Court approval pursuant to Rule 9019 to compromise or settle same.

D.     Preservation of Litigation Claims.

In accordance with Section 1123(b)(3) of the Bankruptcy Code, and except as otherwise expressly provided herein and in the Liquidating Trust, all Litigation Claims shall be assigned and transferred to the Liquidating Trust.  The Liquidating Trust, as the representative of the Estate as well as the successor-in-interest to the Debtor and the Estate, may, and shall have the exclusive right to, enforce, sue on, settle, compromise, transfer or assign (or decline to do any of the foregoing) any or all of the Litigation Claims, including, without limitation, any and all derivative actions pending or otherwise existing against the Estate as of the Effective Date.

E.     Settlement of Litigation Claims.

At any time after the Confirmation Date and before the Effective Date, notwithstanding anything in this Plan to the contrary, the Liquidating Trust may settle any or all of the Litigation Claims with the approval of the Bankruptcy Court pursuant to Bankruptcy Rule 9019.  After the Effective Date, the Liquidating Trustee must have the approval of the Bankruptcy Court pursuant to FRBP 9019, to compromise and settle any Claims against the Estate, and those prosecuted by the Liquidating Trust.

F.     Statutory Committee.

Any Statutory Committee appointed in the Chapter 11 Case shall terminate on the Effective Date and shall thereafter have no further responsibilities in respect of the Chapter 11 Case, except with respect to preparation of the filing of applications for compensation and

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

34

reimbursement of expenses.  Neither the Unsecured Creditors' Committee nor any of its respective members, officers, directors, employees, representatives, professionals or agents, will have or incur any liability to any Creditor for any act or omission in connection with or arising out of the Reorganization Case, including, without limitation, prosecuting confirmation of this Plan, consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, except for gross negligence, willful misconduct or fraud.

G.  Severability.

If any provision of this Plan is determined by the Bankruptcy Court to be invalid, illegal or unenforceable or this Plan is determined to be not confirmable pursuant to Section 1129 of the Bankruptcy Code, the Bankruptcy Court, at the request of the Debtor, Committee or Liquidating Trustee, shall have the power to alter and interpret such term to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan shall remain in full force and effect and will in no way be affected, impaired or invalidated by such holding, alteration or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

H.  Withholding and Reporting Requirements.

In connection with this Plan and all instruments and Interests issued in connection therewith and Distributions thereon, if any, the Liquidating Trustee shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority and all Distributions hereunder shall be subject to any such withholding and reporting requirements.  The Liquidating Trustee shall be authorized to take any and all action that may be necessary to comply with such withholding and recording requirements.  Notwithstanding any other provision of this Plan, each Holder of an Allowed Claim that has received a Distribution pursuant to this Plan shall have sole and exclusive responsibility for the satisfaction

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

35

1  or payment of any tax obligation imposed by any governmental unit, including income,

2  withholding and other tax obligation on account of such distribution.

3  ### X. <u>MODIFICATION OF COMMITTEE'S PLAN</u>

4  The Committee and/or the Liquidating Trustee will have the right to modify this

5  Committee's Plan in accordance with the provisions of the Bankruptcy Code and Chapter 11.

6  In this regard:

7  A.    In accordance with § 1127(a) of the Bankruptcy Code and Chapter 11, § 1127(a),

8  modification(s) of this Committee's Plan may be proposed in writing by the Committee at any

9  time(s) before their confirmation, <u>provided that</u> the Committee's Plan, as thus modified, meets

10  the requirements of §§ 1122 and 1123 of the Bankruptcy Code and Chapter 11 §§ 1122 and

11  1123, and the Committee complies with § 1125 of the Bankruptcy Code and Chapter 11 § 1125.

12  B.    In accordance with § 1127(b) of the Bankruptcy Code and Chapter 11, § 1127(b),

13  this Reorganization Plan also may be modified by the Committee at any time(s) after its

14  confirmation and before their substantial consummation, <u>provided that</u> the Committee's Plan, as

15  thus modified, meets the requirements of  §§ 1122 and 1123 of the Bankruptcy Code and

16  Chapter 11, §§ 1122 and  1123; and <u>provided further that</u> the circumstances then existing justify

17  such modification(s), and the Court confirms the Committee's Plan, as thus modified, under §

18  1129 of the Bankruptcy Code.

19  C.     Any holder(s) of a Claim that has accepted or rejected the Committee's Plan will

20  be deemed to have accepted or rejected, as the case may be, the Committee's Plan as modified

21  unless, within the time fixed by the Court for doing so, such holder(s) changes its previous

22  acceptance(s) or rejection(s).

23  D.    Every modification of this Committee's Plan will supersede the previous

24  version(s) of the Committee's Plan as and whenever each such modification is effective as

25  provided in this Article X.  When superseded, the previous version(s) of the Committee's Plan

26  will be in the nature of withdrawn or rejected settlement proposal(s), and will be null, void, and

27  unusable by the Debtors or any other party for any purpose(s) whatsoever with respect to any of

28  the contents of such version(s) of the Committee's Plan.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

36

## XI.  DISCHARGE AND STAY CONTINUATION

Confirmation and performance of the Committee's Plan will not discharge the Debtor from any and all debts dischargeable under § 1141(d) of the Bankruptcy Code, and will otherwise have all effects provided in such §1141, which are not expressly inconsistent with the provisions of the Committee's Plan.  Pending execution of the Committee's Plan and unless: (a) a Court has otherwise expressly ordered; or (b) the Committee's Plan otherwise expressly provides, all creditors will continue to be stayed from proceeding against the Debtor or its assets.

## XII.  RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 Case, the Estate, the Liquidated Debtor and the Liquidating Trust after the Effective Date as is legally permissible, including jurisdiction to:

A.      Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Equity Interests or Disputed Claim or Disputed Equity Interests, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the allowance or priority of Claims or Disputed Claims and Equity Interests or Disputed Equity Interests; Grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or this Plan for periods ending on or before the Effective Date;

B.      Resolve any matters related to the assumption, assignment or rejection of any Executory Contract or Unexpired Lease to which Debtor or the Reorganized Debtor is a party and to hear, determine and, if necessary, liquidate any Claims arising therefrom or Cure amounts related thereto;

C.      Ensure that distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of this Plan;

D.      Decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications or motions involving the

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

37

Debtor or the Reorganized Debtor that may be pending on the Effective Date or commenced thereafter as provided for by this Plan;

E.      Enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases and other agreements or documents created in connection with this Plan or the Disclosure Statement or the Confirmation Order, except as otherwise provided herein;

F.      Decide or resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of any Final Order, this Plan, the Confirmation Order, or any Person's obligations incurred in connection with such Final Order, this Plan or the Confirmation Order;

G.      Modify this Plan before or after the Effective Date pursuant to Section 1127 of the Bankruptcy Code and Section X of this Plan or modify any contract, instrument, release, or other agreement or document created in connection with this Plan, the Disclosure Statement, the Confirmation Order, or the Reorganized Debtor; or remedy any defect or omission or reconcile any inconsistency in any Final Order, this Plan, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with this Plan, the Disclosure Statement or the Confirmation Order, in such manner as may be necessary or appropriate to consummate this Plan, to the extent authorized by the Bankruptcy Code;

H.      Issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any person with consummation, implementation or enforcement of any Final Order, this Plan or the Confirmation Order, except as otherwise provided herein;

I.      Enter and implement such orders as are necessary or appropriate if a Final Order or the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

J.      Determine any other matters that may arise in connection with or relate to this Plan, any Final Order, the Disclosure Statement, the Confirmation Order or any contract, instrument, release, or other agreement or document created in connection with this Plan, the

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

Disclosure Statement, any Final Order or Confirmation Order, except as otherwise provided herein;

K.      Enter an order closing the Chapter 11 Case;

L.      Except as otherwise provided in the Plan, or in the Confirmation Order, to hear and decide Litigation Claims as allowed under the Code, and continue to hear and decide pending Litigation Claims and any other claim or cause of action of the Liquidated Debtor and the Estate as allowed under the Code; and

M.      Decide or resolve any matter over which the Bankruptcy Court has jurisdiction pursuant to Section 505 of the Bankruptcy Code.

## XIII.  DISCLOSURE STATEMENT

When the Committee solicits the requisite acceptance(s) of this Plan, it will be accompanied by a Disclosure Statement that will have been approved by the Court, as amended, prior to such solicitation.  The Committee requests that all parties whose acceptance(s) of this Plan are solicited should direct their attention to the Disclosure Statement.

## XIV.  CONFIRMATION REQUEST

The OFFICIAL COMMITTEE OF UNSECURED CREDITORS, as Proponent of this Plan, requests confirmation of this Plan pursuant to §§ 1129(a) and/or 1129(b) of the Bankruptcy Code.

DATED this 22nd day of December, 2015.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC

/s/ Stephen R. Harris

_____

Attorneys for the Official
Committee of Unsecured Creditors

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE, LLC
6151 LAKESIDE DRIVE
SUITE 2100
RENO, NEVADA 89511
TELEPHONE:  (775) 786-7600

39