STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone: (775) 786-7600
E-Mail: steve@harrislawreno.com
Attorneys for the Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

IN RE:                                      Case No.: BK-14-51643-btb
                                            (Chapter 11)

JOHN DAVIS TRUCKING COMPANY,      **NOTICE OF LIQUIDATING TRUST**
INC.,                             **AGREEMENT**

                Debtor.           **DATE: February 10, 2016**
                                  **TIME: 2:00 P.M.**

_____/

        NOTICE IS HEREBY GIVEN that the JOHN DAVIS TRUCKING COMPANY, INC.

LIQUIDATING TRUST AGREEMENT ("Liquidating Trust Agreement") was entered into on

March 31/April 1, 2016.  Attached hereto as Exhibit A is a copy of the Liquidating Trust

Agreement entered into by the Liquidating Trustee Stephen R. Harris, Esq. ("Liquidating

Trustee"); the Official Committee of Unsecured Creditors, by William Bradley, Esq., its

Chairman; and the Debtor, by Shane Davis, President of John Davis Trucking Company, Inc.,

and John Davis, Secretary/Treasurer of John Davis Trucking Company, Inc.; as contemplated

by the OFFICIAL COMMITTEE OF UNSECURED CREDITORS' PROPOSED SECOND

AMENDED PLAN OF ORDERLY LIQUIDATION, AS AMENDED, which was confirmed by

this Court at a hearing held on February 10, 2016, at 2:00 p.m., and the Order confirming same

entered on March 4, 2016.

Stephen R. Harris, Esq. was unanimously appointed to act as the Liquidating Trustee by the Official Committee of Unsecured Creditors, by voice vote on January 5, 2016.   All correspondence to the Liquidating Trustee should be addressed as follows:

> Stephen R. Harris, Esq.
> Liquidating Trustee
> 6151 Lakeside Drive, Suite 2100
> Reno, NV 89511
> Email:  steve@harrislawreno.com

The effective date for the creation of the JOHN DAVIS TRUCKING COMPANY, INC. LIQUIDATING TRUST AGREEMENT is April 3, 2016.

Dated this 4th day of April, 2016.

**STEPHEN R. HARRIS, ESQ.**
**HARRIS LAW PRACTICE LLC**

_____
Liquidating Trustee

# EXHIBIT "A"

# EXHIBIT "A"

## JOHN DAVIS TRUCKING COMPANY, INC. LIQUIDATING TRUST AGREEMENT

This Liquidating Trust Agreement (the "Agreement"), dated as of February 10, 2016, by and between the Liquidating Trustee on behalf of the John Davis Trucking Company, Inc. Liquidating Trust ("Liquidating Trust"), the Chapter 11 estate ("Estate") of John Davis Trucking Company, Inc., a Nevada corporation (the "Bankruptcy Case" or "Debtor"), pending in the United States Bankruptcy Court for the District of Nevada, Case No. 14-51643-BTB, and the Official Committee of Unsecured Creditors in the Bankruptcy Case (the "Committee"), and is executed in connection with the Official Committee of Unsecured Creditors' Proposed Second Amended Plan of Orderly Liquidation, filed December 22, 2015, and as amended (collectively the "Plan").

### RECITALS

A.    On September 29, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

B.    Since the Petition Date, the Debtor has remained in possession of its assets and continued in management of its businesses as debtor-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

C.    On October 23, 2014, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"). Since its formation, the Committee has actively monitored all facets of the Debtor's Bankruptcy Case.

D.    On February 10, 2016, the Bankruptcy Court verbally decreed confirmation of the Plan, which verbal decree was be memorialized in a written order entered with the Bankruptcy Court on March 4, 2016, as Docket No. 301 (the "Confirmation Order"). The Effective Date as defined and calculated in the Plan is April 3, 2016, which is the effective date of this Trust Agreement.

E.    The Liquidating Trust created by this Agreement is made pursuant to, and to effectuated by, the Plan. The Plan provides for the creation of this Liquidating Trust as the representative of the Estate, to own and to administer all Estate assets distributed to the Liquidating Trust pursuant to the confirmed Plan, including the collection, marketing and sale of the Debtor's assets for the benefit of holders of Allowed Claims of unsecured creditors in Classes 1, 2A through 2OO, and 3, Allowed Claims of tax authorities, and unpaid Allowed Administrative Claims under the confirmed Plan.

F.    This Liquidating Trust is intended to be treated and maintained for federal income tax purposes, in part, as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) (pursuant to the guidance set forth in IRS Revenue Procedure 94-45, 1994-2 CB 684) for the benefit of holders of Allowed Claims entitled to distributions, and this Liquidating Trust is authorized to establish one or more disputed ownership funds within the meaning of Treasury Regulation Section 1.468B-9(b)(1).

G.    In accordance herewith the terms and subject to the conditions of this Agreement, the Liquidating Trustee ("Trustee") has agreed to accept the Trust Assets (defined below) in trust and to hold and administer the Trust Assets as the representative of the Estate for the benefit of the Beneficiaries.

## ARTICLE I
## DEFINITIONS

1.    <u>Definitions</u>. For purposes of this Agreement, unless the context otherwise requires, the following terms will have the definitions indicated. As noted above, capitalized terms used but not defined herein will have the meanings stated in the confirmed Plan.

a.    **"Beneficial Interest"** means the respective beneficial interest of a particular Beneficiary in the Trust Assets as determined under the confirmed Plan.

b.    **"Beneficiary"** or **"Beneficiaries"** means the record Holder or Holders of Allowed Claims of unsecured creditors in Classes 1, 2A through 2OO and 3, Allowed Claims of tax authorities, if any, and unpaid Allowed Administrative Claims.

c.    **"Liquidating Trust"** means the trust created pursuant to this Agreement in accordance with, and to effectuate, the confirmed Plan.

d.    **"Liquidating Trustee"** means the Trustee named in this Agreement and his or her respective successors, and has the meaning defined in the confirmed Plan and includes any successors thereto. The Liquidating Trustee shall be a fiduciary of the Trust. The Liquidating Trust/Liquidating Trustee are deemed a "trustee" for purposes of 11 U.S.C. §§108, 1106, 1107 and 1108, and Subchapter III of Chapter 5 of the United States Bankruptcy Code.

e.    **"Trust Assets"** means: (1) the Debtor's ownership interests in the assets described as follows: All assets from the Estate of John Davis Trucking Company, Inc., specifically including all rights relating thereto and the Debtor's interests in any agreements; (2) excess Cash that may be available after distributions on account of Allowed Administrative and/or Priority Claims; and (3) to the extent allowed by tax law, all tax benefits or rights which the Estate would be entitled to retain, specifically including any tax refunds owed to the Debtor or to the Estate as a result of net operating loss carryforwards generated pre-petition, if any. A non-exhaustive list of Trust Assets is including in the confirmed Plan, including Avoidance Actions allowed for in Subchapter III of Chapter 5 of the United States Bankruptcy Code.

f.    **"Trust Cost"** or **"Trust Costs"** means all costs, expenses, liabilities, and obligations incurred by the Trust and Liquidating Trustee in administering and conducting the affairs of the Trust and otherwise carrying out the terms of the Trust and the confirmed Plan, including without limitation, the fees and expenses of the Trustee and professionals and other persons employed by the Trust or Trustee, and the expenses and obligations otherwise defined as a Trust Cost in this Agreement or the confirmed



Plan, allocated on an estate specific basis. It is contemplated that the Bankruptcy Court will retain jurisdiction to determine the reasonableness of fees and costs incurred hereunder after notice and a hearing to all Beneficiaries.

**ARTICLE II**
**THE TRUST**

1.      <u>Creation and Name</u>. There is hereby created the Liquidating Trust, which shall be known as the "John Davis Trucking Company, Inc. Liquidating Trust" and is the same Trust referred to as the Liquidating Trust under the confirmed Plan. The Trustee may conduct the affairs of the Trust under the name of "John Davis Trucking Liquidating Trust".

2.      <u>Transfer and Assignment of Property to Trustee</u>. The Debtor, on its behalf and on behalf of the Estate as debtor-in-possession of the Estate, hereby irrevocably and absolutely transfers, assigns, conveys, and delivers to the Liquidating Trust, by bill of sale, assignment, or by deed, as applicable, all of its right, title, and interest, legal, beneficial, or otherwise, in and to the Trust Assets not distributed to the holders of Allowed Claims, on the Effective Date, free and clear of any lien, claim, encumbrance, or interest in such property, unless otherwise stated in the confirmed Plan.

3.      <u>Nature and Purpose of Trust</u>. The sole purpose of the Liquidating Trust is to hold, liquidate, and distribute the Trust Assets in accordance with the provisions of the confirmed Plan. The Liquidating Trust is a liquidating trust pursuant to which the Liquidating Trustee is to hold the Trust Assets and dispose of all or part of the same in accordance with this Agreement and the confirmed Plan and the Trust shall have no objective of continuing or engaging in any trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust. It is intended that the Liquidating Trust be classified for federal income tax purposes as a "liquidating trust" within the meaning of section 301.7701-4(d) of the Treasury Regulations and within the guidance provided in IRS Revenue Procedure 94-45. In furtherance of this objective, the Liquidating Trustee shall, in his business judgment, make continuing best efforts to (i) dispose of or liquidate the Liquidating Trust Assets and resolve claims, and (ii) make timely distributions as determined by the Trustee in accordance with the confirmed Plan and this Agreement. This Agreement is intended to create a trust and a trust relationship and is to be governed and construed in all respects as a trust. The Liquidating Trust is not intended to be, and shall not be deemed to be or treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company, or associations, nor shall the Liquidating Trustee or the Beneficiaries, or any of them, for any purpose be, or be deemed to be, or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Beneficiaries to the Liquidating Trustee shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Agreement.

4.      <u>Information Regarding Creditors and Trust Assets</u>. On the Effective Date, the Debtor, its officers, directors, shareholders, agents, professionals, and employees

-3-

(collectively, the "Debtor") will provide the Liquidating Trustee with a list of all unpaid obligations of the Debtor and Claims against the Debtor, which list shall include the names and complete and correct mailing addresses of those creditors. On or before the Effective Date, the Debtor will also provide the Liquidating Trustee with access to all relevant documents relating to the Liquidating Trust Assets and shall use its best efforts to promptly provide access to any additional documentation that the Liquidating Trustee may reasonably request with respect to the Liquidating Trust Assets. The Liquidating Trustee may retain and/or make copies of all such documents.

     5.    <u>Unknown Property and Liabilities</u>. The Liquidating Trustee shall be responsible only for that property delivered to him/her, and shall have no duty to make, nor incur any liability for failing to make, any search for unknown property or for any liabilities except as provided herein or in the confirmed Plan.

     6.    <u>Duration of Liquidating Trust</u>. The Liquidating Trust shall terminate no later than the fifth (5th) anniversary of the Effective Date; provided, however, than on or prior to the date six (6) months prior to such termination, the Bankruptcy Court, upon motion by a party in interest, including the Liquidating Trustee, may extend the term of the Liquidating Trust for a period of up to three (3) years, upon notice to all parties in interest, if it is necessary to complete the liquidation of the Liquidating Trust Assets, fully consummate the confirmed Plan, or both. Notwithstanding the foregoing, multiple extensions can be obtained so long as Bankruptcy Court approval is obtained at least six (6) months prior to the expiration of each extended term; provided, however, that the aggregate of all such extensions shall not exceed ten (10) years, unless the Liquidating Trustee receives a favorable ruling from the IRS that any further extension would not adversely affect the status of the Liquidating Trust as a liquidating trust within the meaning of Treas. Reg. §301.7701-4(d) for federal income tax purposes. The Liquidating Trustee shall further cause the Liquidating Trust to be terminated within three (3) months after making his final distribution.

     7.    <u>Continuance of Liquidating Trust for Winding Up</u>. After termination of the Liquidating Trust and for the purpose of liquidating and winding up the affairs of the Liquidating Trust, the Liquidating Trustee shall continue to act as such until his duties have been fully performed. Upon distribution of the entire Liquidating Trust Assets, the Liquidating Trustee shall retain for a period of two (2) years the books, records, Beneficiary lists, and certificates and other documents and files which shall have been delivered to or created by the Liquidating Trustee. At the Liquidating Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after two (2) years from the completion and winding up of the affairs of the Liquidating Trust except as otherwise specifically provided herein. Upon the discharge of all liabilities of the Liquidating Trust and final distribution of the Liquidating Trust Assets, the Liquidating Trustee shall have no further duties or obligations hereunder.

     //

     //



## ARTICLE III
## THE TRUSTEE, HIS POWERS AND LIMITATIONS

1.    <u>Appointment</u>. Stephen R. Harris, Esq. is hereby appointed by the majority vote of the Official Committee of Unsecured Creditors, by telephone conference conducted on January 5, 2016, to act and serve, pursuant to the confirmed Plan and the Confirmation Order and this Trust Agreement, as the initial Liquidating Trustee of this Liquidating Trust, and hereby accepts such appointment and agrees to serve in such capacity, effective upon the Effective Date of the confirmed Plan and effective date of this Liquidating Trust Agreement.

2.    <u>Title</u>. Legal title to all Trust Assets shall be vested in the Liquidating Trust, except that the Liquidating Trustee shall have the power to cause legal title (or evidence of title) to any of the Liquidating Trust Assets to be held by any nominee or Person, on such terms, in such manner, and with such powers as the Liquidating Trustee may determine.

3.    <u>Management Power</u>. Subject to Article V herein, the Liquidating Trustee shall have control and authority over the Liquidating Trust Assets, over the management and disposition thereof, and over the management of the Liquidating Trust to the same extent as if the Liquidating Trustee were the sole owner thereof in his own right.    The Liquidating Trustee shall have an initial advisory committee consisting of the following members: William Bradley, Esq. of Reno, Nevada; John Echeverria, Esq. of Reno, Nevada; and Daniel Carrigan, Esq. of Washington D.C. These members serve in an advising capacity only to the Liquidating Trustee. These members shall not be replaced if any fail to serve or resign, although the Liquidating Trustee may replace member(s) that fail to serve or resign, at the Liquidating Trustee's discretion.

4.    <u>Bankruptcy Court Approval of Trustee Actions</u>. Except as provided in the confirmed Plan or otherwise specified in this Liquidating Trust Agreement, the Trustee need not, but nevertheless may, obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder, or account to the Bankruptcy Court. The Liquidating Trustee shall exercise his business judgment for the benefit of the Beneficiaries in order to maximize the value of the Liquidating Trust Assets and distributions, giving due regard to the cost, risk, and delay of any course of action. Notwithstanding the foregoing, the Liquidating Trustee shall have the right to submit to the Bankruptcy Court any controversy regarding which the Liquidating Trustee desires in his discretion explicit approval of the Bankruptcy Court for the taking of any specific action proposed to be taken by the Liquidating Trustee with respect to the Liquidating Trust Assets, the Liquidating Trust, or the Debtor, including the administration and distribution of the Liquidating Trust Assets. The Bankruptcy Court shall retain jurisdiction for such purposes and shall approve or disapprove any such proposed action upon motion by the Liquidating Trustee, after notice and hearing. In addition, the Liquidating Trustee shall have the authority, but not the obligation, to seek Bankruptcy Court approval to sell any Liquidating Trust Asset free and clear of any and all liens, claims, and encumbrances and may appear and participate in any proceeding before the Bankruptcy Court with respect to any matter regarding or relating to the

confirmed Plan, the Liquidating Trust, or the Debtor. The Bankruptcy Court shall also retain jurisdiction to resolve any disputes regarding termination of the Liquidating Trustee or sale or disposition of Liquidating Trust Assets, or any dispute regarding the appointment of a successor Liquidating Trustee, with notice served upon all Beneficiaries who shall have the opportunity to be heard in the matter, after notice and hearing.

5.      <u>Specific Powers of Liquidating Trustee</u>. The Liquidating Trustee shall also have all powers and authority specifically set forth in the confirmed Plan and all powers and authority necessary or desirable to accomplish the purposes of this Agreement and the confirmed Plan. Subject to the limitations stated below, the Liquidating Trustee's powers shall include, in addition to any powers conferred upon him by any other provision of this Agreement or by virtue of any present or future statute or rule of law, in all instances without any action or consent required by the Beneficiaries:

a.      manage, invest, supervise, protect, sell, transfer, assign, abandon, liquidate, collect money with respect to, and take all actions to preserve any and all Liquidating Trust Assets in accordance with the confirmed Plan;

b.      protect and enforce the rights to the Liquidating Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings;

c.      pay and discharge any costs, expenses, fees, or obligations deemed necessary or appropriate to preserve or enhance the value of the Liquidating Trust Assets and discharge duties under the confirmed Plan and this Liquidating Trust Agreement;

d.      make or cause to be made distributions to Holders of Allowed Claims in accordance with the applicable provision(s) of the confirmed Plan and this Liquidating Trust Agreement;

e.      open and maintain bank accounts, deposit funds, draw checks, and make disbursements in accordance with the terms of the Liquidating Trust Agreement;

f.      invest Liquidation Proceeds, pending distributions, consistent with the requirements of the Bankruptcy Code or any orders of the Bankruptcy Court modifying such requirements;

g.      employ such persons (including professionals) as the Liquidating Trustee deems necessary and appropriate to assist him in fulfilling his obligations under the confirmed Plan and pay the reasonable fees of such Persons, and reimburse such Persons for their reasonable out-of-pocket costs and expenses, as agreed between the Liquidating Trustee and such Persons in writing and in advance of performing any services by such person. To the extent that the Liquidating Trustee is licensed and capable of doing so, the Liquidating Trustee may serve as his own attorney or accountant, as applicable, in conjunction with any of the rights, powers, and duties of the Liquidating Trustee under the confirmed Plan;

h.      in general, without in any way limiting any of the foregoing, deal with the Liquidating Trust Assets or any part or parts thereof, in all other ways as would

-6-



be lawful for any Person owning the same to deal therewith, but in all events subject to and consistent with the terms of the confirmed Plan and this Agreement;

i.    pursue, defend, participate in, compromise, abandon and/or otherwise deal with any cause of action relating to the Liquidating Trust, or the Liquidating Trust Assets, as the Liquidating Trustee shall deem advisable;

j.    establish and maintain such funds, reserves, and accounts as may be necessary to carry out the provisions of the confirmed Plan and the purposes of the Liquidating Trust (including any disputed ownership funds pursuant to Treasury Regulation Section 1.468B-9); file all returns of the Liquidating Trust as a grantor trust for the Beneficiaries pursuant to Internal Revenue Code Section 671, et seq. and any other tax returns that may be required with respect to the Liquidating Trust; and pay any taxes owed by the Liquidating Trust with respect to the Liquidating Trust;

k.    request any appropriate tax determination, make any tax election, settle or compromise any tax liability, consent to any claim or assessment relating to taxes or take any action consistent with the treatment of the Liquidating Trust as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and the guidance provided in IRS Revenue Procedure 94-45;

l.    establish a mechanism for the purpose of providing notice of the Liquidating Trust activities to Beneficiaries;

m.    without limitation, exercise such other powers and duties as necessary or appropriate in the reasonable discretion of the Liquidating Trustee to accomplish the purposes of the confirmed Plan and this Liquidating Trust;

n.    prosecute Avoidance Actions and all other Actions available under Subchapter III of Chapter 5 of the United States Bankruptcy Code;

o.    object to claims; and

p.    file suit or any appropriate motion for relief in the Bankruptcy Court or in any other court of competent jurisdiction to resolve any claim, disagreement, conflict or ambiguity in connection with the exercise of the Liquidating Trustee's rights, powers or duties.

6.    Commingling of Trust Assets.    The Liquidating Trustee shall not commingle any of the Liquidating Trust Assets with his own property or the property of any other Person.

7.    Employment and Compensation of Professionals.    The Liquidating Trustee shall have the authority to employ and compensate attorneys, accountants, managers, employees, financial advisors, experts, investment advisors, and other professionals as determined from time to time by the Trustee to render services for the Liquidating Trust or the Liquidating Trustee.



8.     Costs.  All fees, costs, and expenses incurred by the Liquidating Trustee and the Liquidating Trust in the exercise of any right, power, or authority conferred herein shall be a Liquidating Trust cost.

9.     Limitations on Trustee's Authority.  The Liquidating Trustee shall not at any time, on behalf of the Liquidating Trust or Beneficiaries:  (i) enter into or engage in any trade or business (except as provided below), and no part of the Liquidating Trust Assets or the proceeds, revenue, or income therefrom shall be used or disposed of by the Liquidating Trust in furtherance of any trade or business (except as provided below), or (ii) engage in any investments or activities inconsistent with the treatment of the Liquidating Trust as a liquidating trust within the meaning of Treasury Regulations Sections 301.7701-4(d) within the guidance provided in IRS Revenue Procedure 94-45, provided that the Trustee may invest the Liquidating Trust Assets consistent with any order of the Bankruptcy Court modifying such requirements.  For avoidance of doubt, the parties recognize that the Liquidating Trustee is authorized to continue to operate business investments, ownership interests in business entities, and/or other assets or properties pending sale, and the parties regard those actions as reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust.

10.     Limitation of Liability of Trustee.  The Liquidating Trustee, and any Persons employed by the Liquidating Trustee and/or acting on behalf of the Liquidating Trustee, shall not be liable to the Liquidating Trust or any Beneficiary for any act or omission of the Liquidating Trustee, Beneficiary, or agent of the Liquidating Trust, or be held to any personal liability whatsoever in tort, contract, or otherwise in connection with the affairs of the Liquidating Trust, except for liabilities arising from the Liquidating Trustee's gross negligence, fraud, or willful misconduct.  The Liquidating Trustee shall not be liable except for the performance of any duties and obligations as are specifically set forth in this Agreement and no implied covenants or obligations shall be read into this Agreement against the Liquidating Trustee.  In addition to, and not in limitation of the foregoing, no successor Liquidating Trustee shall in any way be liable for the acts or omissions of any Liquidating Trustee or agent of the Liquidating Trust occurring prior to the date on which he or she became a Liquidating Trustee.

11.     Express Exculpatory Clauses in Instruments.  As far as reasonably practicable, the Liquidating Trustee shall cause any written instrument creating an obligation of the Liquidating Trust to include a reference to this Agreement and to provide that neither the Beneficiaries nor the Liquidating Trustee shall be liable thereunder and that the other parties to such instrument shall look solely to the Liquidating Trust Assets for the payment of any claim thereunder the performance thereof; provided, however, that the omission of such provisions from any such instrument shall not render any Beneficiary or the Liquidating Trustee liable nor shall the Liquidating Trustee be liable to anyone for such omission.

12.     Indemnification of Liquidating Trustee.  The Liquidating Trustee shall be entitled to indemnification out of the Liquidating Trust Assets against any losses, liabilities, expenses (including attorneys' fees and disbursements), damages, taxes, suits, or claims (collectively, "Expenses") which the Liquidating Trustee may incur or sustain

-8-



by reason of being or having been a Liquidating Trustee of the Liquidating Trust or for performing any functions incidental to such service; provided, however, that the foregoing shall not relieve the Liquidating Trustee from liability for gross negligence, fraud, or willful misconduct. The indemnification provided in this paragraph shall not be deemed exclusive of any other rights to which the Liquidating Trustee may be entitled pursuant to any other agreement or otherwise, both as to action as Liquidating Trustee and as to action in any other capacity while holding such office, and shall continue as to a person or entity that has ceased to be a Liquidating Trustee and shall inure to the benefit of the successor and legal representatives of such individual or entity.

13.    Protection of Persons Dealing with the Liquidating Trustee. Any transfer of the Liquidating Trust Assets in accordance with this Liquidating Trust Agreement or part thereof (including any sale or liquidation of Liquidating Trust Assets, distributions to Beneficiaries, and payment of Liquidating Trust Costs), shall bind the Beneficiaries and shall be effective to transfer all right, title, and interest of the Liquidating Trustee and the Beneficiaries in and to the Liquidating Trust Assets or such part thereof, provided that the Liquidating Trustee may recover the amount of any distribution to a Beneficiary that the Beneficiary was not entitled to receive under the terms of the confirmed Plan. No purchaser of the Liquidating Trust Assets or any portion thereof shall be required to inquire as to the authorization, necessity, expediency, or regularity of such transfer or as to the application of any proceeds thereof. Any person dealing with the Liquidating Trustee shall be fully protected in relying upon a certificate signed by the Liquidating Trustee that he has authority to take any action under this Agreement.

14.    Compensation of Liquidating Trustee. The Trustee shall be entitled to compensation at the hourly rate of $400.00 for legal work rendered by the Liquidating Trustee, and $225.00 per hour for paralegal work performed by his staff, and $225.00 per hour for non-legal work performed by Liquidating Trustee, and for reimbursement of expenses. In addition, the Liquidating Trustee shall be reimbursed out of the Liquidating Trust Assets for all expenses (including fees and expenses of legal counsel and other advisors) reasonably incurred in accordance with this Agreement. The Liquidating Trustee shall have the right to deduct from the Liquidating Trust Assets any funds deemed necessary by the Liquidating Trustee to pay for any unpaid compensation for his services and to pay any loss, cost, damage, fee, or expense (including counsel fees) incurred by the Liquidating Trustee as a result of his acting as Liquidating Trustee hereunder or in connection with the performance of his duties under this Agreement. The Liquidating Trustee shall not charge a percentage commission on Assets received, maintained and distributed.

15.    Resignation of Liquidating Trustee. The Liquidating Trustee may resign from the Liquidating Trust by mailing notice thereof to the Beneficiaries. Such resignation of the Liquidating Trustee shall become effective only upon the successor Liquidating Trustee's acceptance of appointment as Liquidating Trustee in accordance with the provisions of this Agreement. Notwithstanding the foregoing, the Liquidating Trustee or any Beneficiary may petition the Bankruptcy Court for the appointment of a successor Liquidating Trustee if a vacancy exists and a successor Liquidating Trustee has not been appointed as set forth below.

-9-



16.    <u>Acceptance of Appointment by Successor Liquidating Trustee</u>.  In the event of the death, incapacity or resignation of the Liquidating Trustee, any of the Beneficiaries shall nominate a successor Liquidating Trustee to be approved by the Bankruptcy Court.    Any successor Liquidating Trustee appointed hereunder shall have executed an instrument accepting such appointment and assuming all of the obligations of the retiring Trustee hereunder and thereupon the successor Liquidating Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts, and duties of his predecessor in the Liquidating Trust hereunder with the like effect as if originally named herein; but the retiring Liquidating Trustee nevertheless shall, when requested in writing by the successor Liquidating Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidating Trustee upon the trust herein expressed, all the estates, properties, rights, powers, and trusts of such retiring Liquidating Trustee, and shall duly assign, transfer, and deliver to such successor Liquidating Trustee all property and money held hereunder.

ARTICLE IV
<u>OBLIGATIONS OF THE TRUSTEE</u>

1.    <u>Investment Guidelines</u>.  Liquidation Proceeds held pending distribution, including Liquidation Proceeds held in the Reserve to the extent practicable, shall, to the extent permitted by applicable law and within the guidance of IRS Revenue Procedure 94-45, be invested by the Liquidating Trustee by (i) direct obligations of, or obligations guaranteed by, or obligations secured by, the United States of America (including without limitation United States Treasury Bills); (ii) obligations of any agency or corporation that is or may hereafter be created by or pursuant to an Act of the Congress of the United States as an agency or instrumentality thereof, or (iii) demand deposits or short-term certificates of deposit at any bank or financial institution approved by the U. S. Trustee, provided however, that the scope of any such permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a liquidating trust may be permitted to hold within the meaning of Treasury Regulation section 301.7701-4(d), pursuant to the guidance provided in IRS Revenue Procedure 94-45, any amendment or addition to the Internal Revenue Code or to the Treasury Regulations, or any modification in IRS guidelines whether set forth in IRS rulings, other IRS pronouncements, or otherwise.    Such investments shall mature in such amounts and at such times as, in the judgment of the Liquidating Trustee at the times such investments are made, are necessary, or are desirable with a view to providing funds when needed to make payments from the Trust Assets.  Any investment purchased with the Liquidating Trust Assets shall be deemed a part of the Liquidating Trust Assets.  All interest, distributions, dividends, and proceeds received by the Trustee in respect of such investments shall be a part of the Liquidating Trust Assets.

2.    <u>Books and Records: Access to Information by Beneficiaries</u>.    The Liquidating Trustee shall maintain books and records, and each Beneficiary shall have access to the business records of the Liquidating Trust for the purpose of obtaining information relating to the management of Liquidating Trust Assets for any purpose reasonably related to the interests generally of the Beneficiaries, so long as access is

-10-



reasonably exercised during normal business hours (after at least five business days' notice to the Liquidating Trustee), does not constitute an undue burden on the Liquidating Trustee, and is not detrimental to the Liquidating Trust or other Beneficiaries. The Liquidating Trustee may, in his sole discretion, condition such access on the execution of an appropriate confidentiality agreement or order of the Bankruptcy Court.

3.    United States Trustee Fees and Reports.  After the Effective Date, the Liquidating Trust shall pay as a Liquidating Trust cost all fees incurred under 28 U.S.C. §1930(a)(6) by reason of the Liquidating Trust's disbursements as required under the Confirmation Order until the entry of a final decree or the closing of the Chapter 11 Case. After the Effective Date (but commencing April 1, 2016 for reporting of income and expenses), the Liquidating Trust shall prepare and serve on the Office of the U. S. Trustee such quarterly disbursement reports for the Liquidating Trust as required by the U.S. Trustee for as long as the Chapter 11 Case remains open.

4.    No Implied Obligations.  No other further covenants or obligations of the Liquidating Trustee shall be implied into this Agreement. The Liquidating Trustee shall not be responsible in any manner whatsoever for the correctness of any recital, statement, representation, or warranty herein, or in any documents or instrument evidencing or otherwise constituting a part of the Liquidating Trust Assets.

## ARTICLE V
## TRUST ADMINISTRATIVE EXPENSES

1.    Administrative Fees.  Professionals and other providers of administrative services to the Liquidating Trust, including the Liquidating Trustee, and his advisory members (collectively "Service Providers") shall be entitled to receive from the Liquidating Trust Assets payment of their respective trust administration expenses, absent objection of the Trustee, within 10 days of service of a statement of fees and expenses by the Service Providers. In the event the Trustee sends the Service Providers a written objection within the 10 day period, the Service Providers may, within 20 days after an objection has been served and delivered, move for an order of the Bankruptcy Court for approval of payment of their respective trust administration expenses, and the Bankruptcy Court shall retain jurisdiction to determine such matter. Notwithstanding any provision of this Liquidating Trust Agreement to the contrary, Service Providers may receive payment for trust administration expenses rendered and incurred starting as of February 11, 2016 . .

## ARTICLE VI
## BENEFICIAL INTEREST

1.    Allocation of Beneficial Interests to Holders of Claims.  On the Effective Date or as soon thereafter as practicable, the Liquidating Trustee, in his sole and absolute discretion and based on any reasonable method determined by him after reviewing the Debtor's books and records and proofs of claim filed in the Bankruptcy Case, shall allocate to each Holder of an Allowed Claims in Classes 1, 2A through 2OO and 3,



Allowed Claims of tax authorities, and unpaid Allowed Administrative Claims, its respective share of Beneficial Interests on account of such Claim.

    2.    <u>Register Entries Regarding Beneficial Interests</u>.  The Trustee shall make appropriate notations in the Trust Register and calculate the following ratios prior to each distribution to Beneficiaries on an estate specific basis:

    a.    the Beneficial Interest and Allowed Claim held by each Beneficiary; and

    b.    the Beneficial Interest that would otherwise be attributable to the Holder of a Disputed General Unsecured Claim, if any, if such a claim were to become an Allowed Claim.

    3.    <u>Representation of Beneficial Interest</u>.  The Beneficial Interests shall be uncertificated.  The Beneficial Interests shall be represented by appropriate book entries in the Trust Register.

    4.    <u>Trust Register</u>.

    a.    <u>Register of Beneficial Interests</u>.  The Liquidating Trustee shall cause the Trust Register to be kept at the office of the Liquidating Trustee or at such other place or places that shall be designated by the Liquidating Trustee from time to time.

    b.    <u>Access to Register by Beneficiaries</u>.  Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Liquidating Trustee, and in accordance with reasonable conditions prescribed by the Trustee, to inspect, and at the expense of the Beneficiary make copies of the Liquidating Trust Register, in each case only for a purpose reasonable and related to such Beneficiary's Beneficial Interest in the Liquidating Trust.

    c.    <u>Absolute Owners</u>.  The Liquidating Trustee may deem and treat the Beneficiary of record as determined pursuant to this Agreement as the absolute owner of such Beneficial Interests for the purpose of receiving distributions and payment thereon or on account thereof and for all other purposes whatsoever.

    d.    <u>Changes to the Trust Register</u>.  The Trust Register shall be amended to reflect the resolution of a Disputed Claim.

    5.    <u>Rights of Beneficiaries</u>.  Each Beneficiary shall be entitled to participate in the rights due to a Beneficiary hereunder.  Each Beneficiary shall take and hold his or her Beneficial Interest subject to all the terms and provisions of this Agreement and the Plan. Beneficial Interests are in all respects personal property, and upon the death, insolvency, or incapacity of an individual Beneficiary, such Beneficiary's interests shall pass to the legal representative of such Beneficiary and such death, insolvency, or incapacity shall not terminate or affect the validity of this Agreement.  A Beneficiary shall have no title to, right to, possession of, management of, or control of the Liquidating Trust Assets.  No

-12-



surviving spouse, heir, or devisee of any deceased Beneficiary shall have any right or dower, homestead, or inheritance, or of partition, or any other right, statutory or otherwise, in the Liquidating Trust Assets, but the whole title to all the Liquidating Trust Assets shall be vested in the Liquidating Trustee and the sole interest of the Beneficiaries shall be the rights and benefits given to such persons under this Agreement. Notwithstanding anything to the contrary, this Agreement and the Plan do not create for, or give to, any Creditor or Beneficiary any direct legal interest in, or property to, any of the assets held by the Liquidating Trust, but does create Beneficial Interest to the extent of each Beneficiary's respective Pro Rata share on an estate-specific basis.

6.    <u>Limit on Transfer of Interests of Beneficiaries</u>.  Unless a transfer complies with provisions hereof, Beneficial Interests may not be transferred in whole or in part. The Liquidating Trustee will only recognize a document evidencing such transfer if: (a) the transferor has signed the document and the document has been acknowledged; or (b) the transfer is by succession or will and the document is a certified copy of a court record or court-filed document evidencing such a transfer, and in either case, the Liquidating Trustee is satisfied by legal opinion or otherwise that the transfer is exempt from registration or is qualified under state or federal securities laws governing the transfer of securities.  Any other attempted transfer shall be void *ab initio*, the Liquidating Trustee shall not be required to recognize any equitable or other claims to sell interest by the transferee thereof, and the named Beneficiary shall remain as such for all purposes hereunder.

7.    <u>No Legal Title in Beneficiaries</u>.  No Beneficiary shall have legal title to any part of the Liquidating Trust Assets.  No transfer, by operation of law or otherwise, of the right, title, and interest of any Beneficiary in and to the Liquidating Trust Assets or hereunder shall operate to terminate this Liquidating Trust or entitle any successor or transferee of such Beneficiary to an accounting or to the transfer to it of legal title to any part of the Liquidating Trust Assets.

8.    <u>Reports to Beneficiaries</u>.  Beginning with a date which is fifteen (15) days after the end of the first month within which falls the ninetieth (90th) day after the Effective Date, and continuing on the thirtieth (30th) day after the end of each succeeding quarter until the Final Distribution Date, the Liquidating Trustee will send written reports (the "Trustee Accounting Reports") to the Beneficiaries.  The Liquidating Trustee Accounting Reports, subject to any confidentiality or attorney work product privilege, will provide information on collections and disbursements, administrative costs, settlements, cash on hand or deposit, and the Liquidating Trustee's ongoing efforts to administer the Liquidating Trust.  Before making his Final Distribution, the Liquidating Trustee shall send a written report to the Beneficiaries (which report shall constitute the final accounting of the Liquidating Trust) showing the assets administered, the distributions made by the Liquidating Trustee, and the Final Distributions to be made by the Liquidating Trustee (the "Final Liquidating Trustee Accounting Report").  Any Beneficiary who fails to file and serve on the Liquidating Trustee a written objection to any Liquidating Trustee Accounting Report or to the Final Liquidation Trustee Accounting Report within twenty (20) days after such report or account is filed shall be deemed to have assented thereto and approved the contents thereof.  Any objection to any

-13-



report or accounting shall be resolved by the Bankruptcy Court. If no objection is filed to the Final Liquidation Trustee Accounting Report within the time frame set forth above, then, upon making the Final Distribution in the manner set forth in the Final Liquidation Trustee Accounting Report, the Liquidation Trustee and all his Professionals shall be: (a) fully discharged of their duties hereunder and under the confirmed Plan; and (b) fully discharged and released from all duties, liabilities, and obligations of every kind and nature to the Beneficiaries, except as is expressly set forth herein or in the confirmed Plan to the contrary; provided, however, that the foregoing shall not relieve the Liquidating Trustee and the Liquidating Trustee professionals from liability for gross negligence, fraud, willful misconduct, self-dealing, or breach of fiduciary duty.

## ARTICLE VII
## DISTRIBUTION OF THE LIQUIDATING TRUST ASSETS

1.  Distributions.

   a.  Distributions on Account of Beneficial Interests; Generally. To the extent funds are available, the Liquidating Trustee shall, at such times as the Liquidating Trustee determines in the exercise of his discretion are appropriate, make Distributions of Liquidation Proceeds to the Beneficiaries in accordance with the confirmed Plan. However, if Liquidation Proceeds are available, the Liquidating Trustee shall distribute at least annually to the Beneficiaries the Liquidating Trust net income plus all net proceeds from the sale of assets, except that the Liquidating Trustee may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Liquidating Trust's Assets or to meet claims and contingent liabilities (including disputed claims) of the Trust. Notwithstanding anything to the contrary herein, no payment shall be made to unsecured creditors from the Liquidating Trust until Administrative Claims, including all Allowed Claims of Professional Persons are paid in full.

   b.  Resolution of Disputed Claims. No distribution or payment shall be made on account of a Disputed Claim until such Disputed Claim becomes an Allowed Claim. No distribution or payment shall be made to any Holder of an Allowed Claim who is also a potential defendant in an Avoidance Action. The making of a distribution to such potential defendant or the lack of any objection filed to such Allowed Claim on the basis of such potential Avoidance Action shall not constitute a waiver of any rights of the Debtors or the Liquidating Trustee, as the case may be.

   c.  Distributions When a Disputed Claim Becomes an Allowed Claim; or When a Disputed Claim is Subsequently Disallowed. If a Claim is not an Allowed Claim on the Effective Date or when payment is otherwise due under the Plan, payment of the Claim will be made on the Distribution Date after which the Claim becomes an Allowed Claim or on such earlier date as the Liquidating Trustee deems appropriate, in either case, from the Disputed Claims reserve (the "Reserve") attributable to such Claim.

2.  No Recourse. Notwithstanding that the allowed amount of any particular Disputed Claim is reconsidered under the applicable provisions of the Bankruptcy Code

-14-



and Bankruptcy Rules or is allowed in an amount for which after application of the payment priorities established by the confirmed Plan there is insufficient value to provide a recovery equal to that received by other Holders of Allowed Claims in the respective Class, no Holder shall have recourse against the Debtors, the Estate, the Trustee, or any of their respective professionals, consultants, officers, directors, or members or their successors or assigns, or any of the their respective property. However, nothing in the confirmed Plan or the Agreement shall modify any right of a Holder of a Claim under section 502(j) of the Bankruptcy Code.

3.    <u>Unclaimed Property</u>. Subject to Bankruptcy Rule 9010, all distributions to any Holder of an Allowed Claim shall be made at the address of such Holder as set forth on the Schedules filed with the Bankruptcy Court or on the books and records of the Debtors or their agents or in a letter of transmittal unless the Debtors and/or the Liquidating Trustee, as the case may be, have been notified in writing of a change of address, including, without limitation, by the filing of a Proof of Claim by such Holder that contains an address for such Holder different from the address reflected on such Schedules for such Holder. In the event that any distribution to any Holder is returned as undeliverable, no further distributions to such Holder shall be made unless and until the Liquidating Trustee is notified of such Holder's then-current address, at which time all missed distributions shall be made to such Holder, without interest. All demands for undeliverable distributions shall be made on or before ninety (90) days after the date such undeliverable distribution was initially made. Thereafter, the amount represented by such undeliverable distribution shall irrevocably revert to the Liquidating Trust, and any claim in respect of such undeliverable Distribution shall be discharged and forever barred from assertion against the Trust, the Debtor, and the Trust Assets.

Checks issued by the Trustee in respect of Allowed Claims shall be null and void if not negotiated within ninety (90) days after the date of issuance thereof. Requests for reissuance of any check shall be in writing and be made to the Liquidating Trustee by the Holder of the Allowed Claim to whom such check originally was issued and such request must be accompanied by delivery of the original check. Any claim in respect of such a voided check shall be made on or before thirty (30) days after the expiration of the ninety (90) day period following the date of issuance of such check. Thereafter, the amount represented by such voided check shall irrevocably revert to the Liquidating Trust, and any claim in respect of such voided check shall be discharged and forever barred from assertion against the Liquidating Trust, the Debtors, and the Liquidating Trust Assets.

4.    <u>Disputed Payments</u>. If any dispute arises as to the identity of a Holder of an Allowed Claim who is to receive any distribution, the Liquidating Trustee may, in lieu of making such distributions to such Person, make such distribution into an escrow account to be held in trust for the benefit of such Holder and shall not constitute Assets of the Debtors, their Estates, or the Liquidating Trust. Such distribution shall be held in escrow until the disposition thereof shall be determined by order of the Bankruptcy Court or other court of competent jurisdiction or by written agreement among the interested parties to such dispute.

5.    <u>Miscellaneous Distribution Provisions</u>.



a.   Method of Cash Distributions.  Cash payments shall be in United States dollars by checks drawn on a domestic bank selected by the Liquidating Trustee or by wire transfer from a domestic bank, at the option of the Liquidating Trustee; provided, however, that cash payments made to foreign creditors, if any, holding Allowed Claims may be (but are not required to be) paid, at the option of the Liquidating Trustee in such funds and by such means as are necessary or customary in a particular foreign jurisdiction.  Any Holder of an Allowed Claim requesting payment by any method other than check or wire transfer must pay the costs associated with such method of payment.

b.   Distributions on Non-Business Days.  Any payment or distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day.

c.   Accrual of Postpetition Interest.  Unless otherwise provided for in the Plan, no Holder of a pre-petition Allowed Claim shall be entitled to the accrual of post-petition interest on account of such Claim.

d.   De Minimis Remainder After Final Distribution.  The Trustee shall be authorized to pay into the Bankruptcy Court any amounts up to and including $5,000 that remain in the Liquidating Trust after the final Distribution Date.

6.   De Minimis Distributions.   Notwithstanding anything to the contrary contained herein, if the amount of Cash to be distributed to the Holder of an Allowed Claim is less than $15 on a particular Distribution Date, the Liquidating Trustee may hold the Cash distributions to be made to such Holder until the aggregate amount of Cash to be distributed to such Holder is in an amount equal to or greater than $50.  Notwithstanding the preceding sentence, if the amount of Cash distribution to any Holder of an Allowed Claim never aggregates more than $50, then the Liquidating Trustee shall not be required to distribute Cash to any such Holder.

7.   Allocation of Payments.   Amounts paid to Holders of Claims in satisfaction thereof shall be allocated first to the principal amounts of such Claims, with any excess allocated to any accrued but any unpaid interest portion of such Claims.

8.   Setoffs.  The Liquidating Trustee is authorized, pursuant to section 553 of the Bankruptcy Code, to set off against any Allowed Claim other than Claims expressly allowed by the Plan and the distributions to be made on account of such Allowed Claim, the claims, rights, and causes of action of any nature that the Liquidating Trust may hold against the Holder of such Allowed Claim; provided, however, that neither the failure to effect such a setoff nor the allowance of any claim hereunder shall constitute a waiver or release by the Liquidating Trust of any such claims, rights, and causes of action that the Liquidating Trust may possess against such Holder.

## ARTICLE VIII
## TAXES

1.   Grantor Trust Tax Treatment.  Other than the Liquidating Trust Claims Reserve (which is separately taxed as discussed below), the Liquidating Trust is intended

-16-



to qualify as a liquidating trust for federal income tax purposes. In general, a liquidating trust is not a separate taxable entity but rather is treated for federal income tax purposes as a "grantor" trust (i.e., a pass-through entity). The IRS, in Revenue Procedure 94-45, 1994-2 CB 684, set forth the general criteria for obtaining an IRS ruling as to the grantor trust status of a liquidating trust under a chapter 11 plan. The Liquidating Trust has been structured with the intention of complying with such general criteria. Pursuant to the Plan, and in conformity with IRS Revenue Procedure 94-45, all parties (including the Debtor, the Liquidating Trustee, and the holders of beneficial interests in the Liquidating Trust) are required to treat for federal income tax purposes, the Liquidating Trust as a grantor trust of which the holders of Allowed Claims are the owners and grantors.

As such, the Liquidating Trustee shall file with the IRS returns for the Liquidating Trust as a grantor trust pursuant to Tax Code Section 671, et seq., and Treasury Regulation Section 1.671-4(a). The Liquidating Trustee will also send to each holder of a beneficial interest in the Liquidating Trust a separate statement setting forth the holder's share of items of income, gain, loss, deduction or credit and will instruct the holder to report such items on its federal income tax return. The Liquidating Trust, therefore, provides for the current taxation of all Liquidating Trust earnings, include any earnings related to funds held in a Reserve. The Liquidating Trustee is not obligated to supply information regarding the Liquidating Trust's assets or any value with respect to such assets to the holders of a beneficial interest in the Liquidating Trust before the time for supplying information required for the Liquidating Trustee to report the items of income, deduction and credit or other information to any holder of a beneficial interest in the Liquidating Trust.

2.      Good Faith Valuation of Trust Assets.  Pursuant to the confirmed Plan, the Liquidating Trustee will make a good faith valuation of the Liquidating Trust Assets. All parties (including, without limitation, the Debtors, the Estate, the Liquidating Trustee and the holders of Claims) must consistently use such valuation for all Federal income tax purposes. The valuation will be made available to the parties, from time to time, as relevant for tax reporting purposes

The tax book value of the Liquidating Trust Assets, as of the date of this Liquidating Trust Agreement, for this purpose shall equal the fair market values of the Liquidating Trust Assets as determined by the Liquidating Trustee in good faith as of the date of this Liquidating Trust Agreement. Subsequent to the Effective Date, the tax book value of the Liquidating Trust Assets for this purpose shall equal such fair market values, adjusted in accordance with tax accounting principles prescribed by the Tax Code, applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

3.      Income Allocations.  Allocations of taxable income of the Liquidating Trust (other than taxable income allocable to the Liquidating Trust's Claims Reserve discussed below) among holders of Claims shall be made on a pro rata basis among the Beneficiaries in accordance with their respective Beneficial Interests.



4.  <u>Reserve</u>.  The Liquidating Trustee will elect to treat any Liquidating Trust assets allocable to, or retained on account of, Disputed Claims (the "Liquidating Trust Claims Reserve") as a "disputed ownership fund" governed by Treasury Regulation Section 1.468B-9.  For federal income tax purposes, the Liquidating Trust Claims Reserve shall be treated as the owner of all assets that it holds.  The Liquidating Trust Claims Reserve is treated as a C corporation for purposes of subtitle F of the Internal Revenue Code relating to procedure and administration, and the administrator of the fund must obtain an employer identification number for the fund, make all required income tax and information returns and deposit all tax payments.  Accordingly, the Liquidating Trust Claims Reserve will be subject to tax annually as a separate entity on any net income earned with respect to the Liquidating Trust assets in such reserves, and all distributions from such reserves will be treated as received by holders in respect of their Claims as if distributed by the Debtors.  All parties (including, without limitation, the Debtors, the Trustee and Claimants) will be required to report for tax purposes consistently with the foregoing.

5.  <u>Backup Withholding</u>.  All payments to creditors and interest holders are subject to any applicable withholding (including employment tax withholding).  Under the Tax Code, interest, dividends and other reportable payments may, under certain circumstances, be subject to "backup withholding" then in effect.  Backup withholding generally applies if the holder (a) fails to furnish his or her social security number or other taxpayer identification number ("TIN"), (b) furnishes an incorrect TIN, (c) fails properly to report interest or dividends, or (d) under certain circumstances, fails to provide a certified statement, signed under penalty of perjury, that the TIN provided is his correct number and that he is not subject to backup withholding.  Backup withholding is not an additional tax but merely an advance payment, which may be refunded to the extent it results in an overpayment of tax.  Certain persons are exempt from backup withholding, including, in certain circumstances, corporations and financial institutions.

## ARTICLE IX
## <u>MISCELLANEOUS</u>

1.  <u>Final Distribution</u>.  When the Liquidating Trustee determines that the remaining Liquidating Trust Assets may be conveniently distributed, or if the existence of the Liquidating Trust shall terminate, the Liquidating Trustee shall, as expeditiously as is consistent with the conservation and protection of the Liquidating Trust Assets, distribute the Liquidating Trust Assets to the Beneficiaries, as their interests appear.

2.  <u>GOVERNING LAW; CONSENT TO JURISDICTION</u>.  THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEVADA APPLICABLE TO AGREEMENTS MADE AND TO BE WHOLLY PERFORMED IN SUCH STATE.  THE LIQUIDATING TRUSTEE HEREBY IRREVOCABLY AND UNCONDITIONALLY CONSENTS TO SUBMIT TO THE EXCLUSIVE JURISDICTION OF THE UNITED STATES BANKRUPTCY COURT IN THE DISTRICT OF NEVADA (RENO, NEVADA) FOR ANY ACTIONS, SUITS, OR PROCEEDINGS ARISING OUT OF OR

-18-

RELATING TO THIS AGREEMENT AND THE TRANSACTIONS CONTEMPLATED HEREBY.

3.    <u>Construction</u>.  In all events, words utilized in the singular shall include the plural, and the masculine gender shall include the feminine and neuter (and vice versa), whenever the context so requires.

4.    <u>Severability of Provisions</u>.  Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of this Agreement or affecting the validity or enforceability of any of the terns or provisions of this Agreement in any other jurisdiction.

5.    <u>Securities Law</u>.  Under section 1145 of the Bankruptcy Code, the issuance of Beneficial Interests under the Plan shall be exempt from registration under the Securities Act of 1933, as amended, and applicable state and local laws requiring registration of securities.  If the Trustee determines, with the advice of legal counsel, that the Trust is required to comply with the registration and reporting requirements of the Securities and Exchange Act of 1934, as amended, or the Investment Company Act of 1940, as amended, then the Trustee shall take any and all actions to comply with such reporting requirements and file necessary periodic reports with the Securities and Exchange Commission.

IN WITNESS WHEREOF, this Agreement has been duly executed as of the dates indicated below.

March  _31_, 2016          THE LIQUIDATING TRUST:

_____
Stephen R. Harris, Esq., Liquidating Trustee


March  ____, 2016          THE DEBTOR:


_____
John Davis, President


April
March  _1_, 2016          THE COMMITTEE:

_____
William Bradley, Esq., Chairman

-19-

RELATING   TO   THIS   AGREEMENT   AND   THE   TRANSACTIONS
CONTEMPLATED HEREBY.

3.    Construction.  In all events, words utilized in the singular shall include the
plural, and the masculine gender shall include the feminine and neuter (and vice versa),
whenever the context so requires.

4.    Severability of Provisions.   Any provision of this Agreement which is
prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective
to the extent of such prohibition or unenforceability without invalidating the remaining
provisions of this Agreement or affecting the validity or enforceability of any of the terms
or provisions of this Agreement in any other jurisdiction.

5.    Securities Law.  Under section 1145 of the Bankruptcy Code, the issuance
of Beneficial Interests under the Plan shall be exempt from registration under the
Securities Act of 1933, as amended, and applicable state and local laws requiring
registration of securities.  If the Trustee determines, with the advice of legal counsel, that
the Trust is required to comply with the registration and reporting requirements of the
Securities and Exchange Act of 1934, as amended, or the Investment Company Act of 1940,
as amended, then the Trustee shall take any and all actions to comply with such
reporting requirements and file necessary periodic reports with the Securities and
Exchange Commission.

IN WITNESS WHEREOF, this Agreement has been duly executed as of the dates
indicated below.

March 31, 2016          THE LIQUIDATING TRUST:

_____
Stephen R. Harris, Esq., Liquidating Trustee

March 31, 2016          THE DEBTOR:

_____
Shane Davis, President

_____
John Davis, Secretary/Treasurer

March ____, 2016          THE COMMITTEE:

_____
William Bradley, Esq., Chairman

-19-