1 | STEPHEN R. HARRIS, ESQ.
2 | Nevada Bar No. 001463
| HARRIS LAW PRACTICE LLC
3 | 6151 Lakeside Drive, Suite 2100
| Reno, NV 89511
4 | Telephone: (775) 786-7600
| E-Mail: steve@harrislawreno.com
5 | Liquidating Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

IN RE:                                          Case No.: BK-14-51643-btb
                                                (Chapter 11)

JOHN DAVIS TRUCKING COMPANY,    **NOTICE OF AMENDMENT TO**
INC.,                           **LIQUIDATING TRUST AGREEMENT**

          Debtor.                               DATE: February 10, 2016
                                                TIME: 2:00 P.M.

_____/

NOTICE IS HEREBY GIVEN that the FIRST AMENDMENT TO THE JOHN DAVIS TRUCKING COMPANY, INC. LIQUIDATING TRUST AGREEMENT ("First Amendment") was entered into on April 30/ May 2, 2016. Attached hereto as Exhibit A is a copy of the First Amendment entered into by the Liquidating Trustee Stephen R. Harris, Esq. ("Liquidating Trustee"); the Official Committee of Unsecured Creditors, by William Bradley, Esq., its Chairman; and the Debtor, by Shane Davis, President of John Davis Trucking Company, Inc., and John Davis, Secretary/Treasurer of John Davis Trucking Company, Inc.; as contemplated by the OFFICIAL COMMITTEE OF UNSECURED CREDITORS' PROPOSED SECOND AMENDED PLAN OF ORDERLY LIQUIDATION, AS AMENDED, which was confirmed by this Court at a hearing held on February 10, 2016, at 2:00 p.m., and the Order confirming same entered on March 4, 2016.

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

1

1  The First Amendment clarifies the Liquidating Trustee's ability to resolve litigation issues while administering the Liquidating Trust. All provisions of the John Davis Trucking Company, Inc. Liquidating Trust not specifically amended by the First Amendment remain in full force and effect.

Dated this 3rd day of May, 2016.

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC

_____
Liquidating Trustee

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600

2

# EXHIBIT "A"

# EXHIBIT "A"

### FIRST AMENDMENT TO THE JOHN DAVIS TRUCKING COMPANY, INC. LIQUIDATING TRUST AGREEMENT

This First Amendment to the John Davis Trucking Company, Inc. Liquidating Trust Agreement (the "First Amendment"), effective as of April 3, 2016, by and between the Liquidating Trustee on behalf of the John Davis Trucking Company, Inc. Liquidating Trust ("Liquidating Trust"), the Chapter 11 estate ("Estate") of John Davis Trucking Company, Inc., a Nevada corporation (the "Bankruptcy Case" or "Debtor"), pending in the United States Bankruptcy Court for the District of Nevada, Case No. 14-51643-BTB, and the Official Committee of Unsecured Creditors in the Bankruptcy Case (the "Committee"), and is executed in connection with the Official Committee of Unsecured Creditors' Proposed Second Amended Plan of Orderly Liquidation, filed December 22, 2015, and as amended (collectively the "Plan"), amends the following provisions of the Agreement.

**RECITALS:** Recital E is amended in its entirety as follows:

E. The Liquidating Trust created by this Agreement is created pursuant to and is to be effectuated by the Plan. The Plan provides for the creation of this Liquidating Trust as the representative of the Estate, to own and to administer all Estate assets, as well as any other assets, distributed to the Liquidating Trust pursuant to the confirmed Plan, including any proceeds received from the collection, marketing and sale of the Debtor's assets or from the settlement of claims held by the Liquidating Trust for the benefit of holders of Allowed Claims of unsecured creditors in Classes 1, 2A through 2OO, and 3, Allowed Claims of tax authorities, and unpaid Allowed Administrative Claims under the confirmed Plan.

**ARTICLE I. DEFINITIONS** Paragraph e, is amended in its entirety as follows:

e. **"Trust Assets"** means: (1) the Debtor's ownership interests in the assets described as follows: All assets from the Estate of John Davis Trucking Company, Inc., specifically including all rights relating thereto and the Debtor's interests in any agreements, including insurance policies and/or insurance proceeds determined by the Court to belong to the Estate; (2) any assets which are provided to the Liquidating Trust pursuant to consensual agreement, including insurance proceeds; (3) excess Cash that may be available after distributions on account of Allowed Administrative and/or Priority Claims; and (4) to the extent allowed by tax law, all tax benefits or rights which the Estate would be entitled to retain, specifically including any tax refunds owed to the Debtor or to the Estate as a result of net operating loss carryforwards generated pre-petition, if any. A non-exhaustive list of Trust Assets is including in the confirmed Plan, including Avoidance Actions allowed for in Subchapter III of Chapter 5 of the United States Bankruptcy Code..

-1-

**ARTICLE III. THE TRUSTEE, HIS POWERS AND LIMITATIONS** Paragraph 5 is amended in its entirety as follows

     5.     Specific Powers of Liquidating Trustee. The Liquidating Trustee shall also have all powers and authority specifically set forth in the confirmed Plan and all powers and authority necessary or desirable to accomplish the purposes of this Agreement and the confirmed Plan. Subject to the limitations stated below, the Liquidating Trustee's powers shall include, in addition to any powers conferred upon him by any other provision of this Agreement or by virtue of any present or future statute or rule of law, in all instances without any action or consent required by the Beneficiaries:

    a.     manage, invest, supervise, protect, sell, transfer, assign, abandon, release, liquidate, collect money with respect to, and take all actions to preserve any and all Liquidating Trust Assets in accordance with the confirmed Plan, including but not limited to executing written settlements and releases on behalf of Beneficiaries for whom the Liquidating Trustee serves;

    b.     protect and enforce the rights to the Liquidating Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings;

    c.     pay and discharge any costs, expenses, fees, or obligations deemed necessary or appropriate to preserve or enhance the value of the Liquidating Trust Assets and discharge duties under the confirmed Plan and this Liquidating Trust Agreement;

    d.     make or cause to be made distributions to Holders of Allowed Claims in accordance with the applicable provision(s) of the confirmed Plan and this Liquidating Trust Agreement;

    e.     open and maintain bank accounts, deposit funds, draw checks, and make disbursements in accordance with the terms of the Liquidating Trust Agreement;

    f.     invest Liquidation Proceeds, pending distributions, consistent with the requirements of the Bankruptcy Code or any orders of the Bankruptcy Court modifying such requirements;

    g.     employ such persons (including professionals) as the Liquidating Trustee deems necessary and appropriate to assist him in fulfilling his obligations under the confirmed Plan and pay the reasonable fees of such Persons, and reimburse such Persons for their reasonable out-of-pocket costs and expenses, as agreed between the Liquidating Trustee and such Persons in writing and in advance of performing any services by such person. To the extent that the Liquidating Trustee is licensed and capable of doing so, the Liquidating Trustee may serve as his own attorney or accountant, as applicable, in conjunction with any of the rights, powers, and duties of the Liquidating Trustee under the confirmed Plan;

    h.     in general, without in any way limiting any of the foregoing, deal with the Liquidating Trust Assets or any part or parts thereof, in all other ways as would

be lawful for any Person owning the same to deal therewith, but in all events subject to and consistent with the terms of the confirmed Plan and this Agreement;

    i. pursue, defend, participate in, compromise, abandon and/or otherwise deal with any cause of action, claim, or suit asserted against the Trust Assets relating to the Liquidating Trust, or the Liquidating Trust Assets, as the Liquidating Trustee shall deem advisable;

    j. establish and maintain such funds, reserves, and accounts as may be necessary to carry out the provisions of the confirmed Plan and the purposes of the Liquidating Trust (including any disputed ownership funds pursuant to Treasury Regulation Section 1.468B-9); file all returns of the Liquidating Trust as a grantor trust for the Beneficiaries pursuant to Internal Revenue Code Section 671, et seq. and any other tax returns that may be required with respect to the Liquidating Trust; and pay any taxes owed by the Liquidating Trust with respect to the Liquidating Trust;

    k. request any appropriate tax determination, make any tax election, settle or compromise any tax liability, consent to any claim or assessment relating to taxes or take any action consistent with the treatment of the Liquidating Trust as a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) and the guidance provided in IRS Revenue Procedure 94-45;

    l. establish a mechanism for the purpose of providing notice of the Liquidating Trust activities to Beneficiaries;

    m. without limitation, exercise such other powers and duties as necessary or appropriate in the reasonable discretion of the Liquidating Trustee to accomplish the purposes of the confirmed Plan and this Liquidating Trust;

    n. prosecute Avoidance Actions and all other Actions available under Subchapter III of Chapter 5 of the United States Bankruptcy Code;

    o. object to claims; and

    p. file suit or any appropriate motion for relief in the Bankruptcy Court or in any other court of competent jurisdiction to resolve any claim, disagreement, conflict or ambiguity in connection with the exercise of the Liquidating Trustee's rights, powers or duties.

 All other provisions of the Liquidating Trust executed on March 31 and/or April 1, 2016 remain in full force and effect except as amended hereinabove.

 IN WITNESS WHEREOF, this First Amendment has been duly executed as of the dates indicated below.

April 30th, 2016     THE LIQUIDATING TRUST:

_____
Stephen R. Harris, Esq., Liquidating Trustee

April _____, 2016     THE DEBTOR:

_____
Shane Davis, President

_____
John Davis, Secretary/Treasurer

May 2, 2016     THE COMMITTEE:

_____
William Bradley, Esq., Chairman

-4-

April ____, 2016      THE LIQUIDATING TRUST:

_____
Stephen R. Harris, Esq., Liquidating Trustee

April _20_, 2016      THE DEBTOR:

_____
Shane Davis, President

_____
John Davis, Secretary/Treasurer

April ____, 2016      THE COMMITTEE:

_____
William Bradley, Esq., Chairman